■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN DELGADO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 14, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant's acquittal of robbery in the second degree, on the theory of being aided by another person actually present (see Penal Law, § 160.10, subd 1), is, in our opinion, not repugnant to the verdict of guilt returned by the jury on the charge of robbery in the first degree, on the theory that he used or threatened the immediate use of a dangerous instrument (see Penal Law, § 160.15, subd 3). At trial, the complainant testified that at about 1:30 A.M., and while he was accompanied by a woman, two men approached him from behind, covered his head and face with a sweater, placed something at his back or shoulder and demanded his money, threatening to kill him. According to the complainant, the assailants took his wallet and money, threw him to the ground and ran off. The complainant was unable to identify defendant as one of his attackers, but did testify that he had seen him earlier that evening at a nearby social club. Two police officers cruising in a patrol car were alerted to the scuffle when, at a distance of approximately 100 feet, they observed two men shoving and pulling a piece of cloth over the head of a third man while a woman stood among them. Upon circling the block and approaching the scene, the officers saw that one of the men and the woman were walking away while defendant was placing a cloth over the complainant's head and lunging at him with a "glittering" metal object. Defendant was subdued after a short chase; the police recovered a knife which defendant had dropped as he ran. On this record, the jury was entitled to find that defendant had forcibly stolen property from the complainant with the use or threatened immediate use of a knife, but that the allegation that he was aided by others actually present was not proven beyond a reasonable doubt. Since there is a rational view of the evidence on which a material element of robbery in the second degree could be found lacking while all the material elements of robbery in the first degree were

established, the verdicts in question are free of repugnancy (see *People v Dercole,* 72 AD2d 318, 333, mot for lv to app granted 49 NY2d 893). Moreover, although the jury charge was not entirely clear on the distinction between the two degrees of robbery, the over-all effect was not, as defendant suggests, to elevate "acting in concert" to the status of a material element of robbery in the first degree. A fair reading of the charge reveals that the allusion to acting in concert in the instruction on robbery in the first degree merely paralleled surplus language in this count of the indictment; the thrust of this portion of the charge was to require proof of the victim's identity as alleged in the indictment as a necessary element of the crime. We have considered defendant's other contention and find it to be without merit (see *People v Getch,* 50 NY2d 456). Mollen, P. J., Mangano, Gulotta and Weinstein, JJ., concur.