■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD FRANKOS and JOSEPH KERSCH, Appellants.

Defendant Kersch argues that certain pretrial statements he made should have been suppressed because they were taken in violation of his right to counsel. Kersch was arrested on a warrant issued as a result of his violation of the terms of his parole. He claims that this arrest was a "sham" in that the police were using the warrant as a means to question him about a murder without his right to counsel attaching. He states that the parole warrant should be deemed an arrest warrant for murder. His right to counsel would automatically attach since there would be significant judicial activity (*People v Samuels,* 49 NY2d 218).

Kersch's arguments are without merit. The parole warrant was validly issued in that the parole authorities had reasonable cause to believe that several violations of parole existed. A parole violation proceeding is not a judicial proceeding (*People ex rel. Menechino v Warden,* 27 NY2d 376; *People v Simons,* 22 NY2d 533). Thus no right to counsel indelibly attached upon the issuance of a parole warrant. The fact that the police were interested in questioning Kersch about a murder or that the details of the murder were interwoven with the facts of the parole violation does not make an otherwise valid parole warrant invalid or change the rules with respect to waiver of counsel (*People v Simons, supra; People v Heller,* 99 AD2d 787). Kersch was read his constitutional rights and stated that he understood them. Since he did not at that time invoke his right to counsel he waived that right (*see, People v Cunningham,* 49 NY2d 203). His suppression motion was therefore properly denied.

At trial, a detective testified that after Kersch voluntarily waived his rights, he asked Kersch if he killed the deceased. Kersch replied, "I never shot anybody in my life". The detective then asked Kersch, "Who said anything about being shot?" When that question was asked, Kersch requested an attorney. The detective further testified that he gave Kersch a business card in case Kersch wanted to talk to him again in the presence of an attorney.

Kersch now claims, for the first time, that the detective's testimony, insofar as it related the fact that Kersch later invoked his right to counsel and remained silent after receiving the detective's card, should not have been introduced against him at trial (*see, Griffin v California,* 380 US 609). This claim has not been preserved for our review (CPL 470.05 [2]).

The fact that Kersch objected at the pretrial hearing to the admission of his entire statement to the detective does not save his claim involving that part of the statement in which it was noted that Kersch invoked his right to counsel since his objection was not sufficiently specific (*People v Hoke,* 62 NY2d 1022; *People v Nuccie,* 57 NY2d 818). At the hearing, the issue was whether Kersch's statement was voluntary. Upon determining that the statement was voluntary, the court redacted part of the statement, but left in the fact that Kersch invoked his right to counsel. Kersch did not object specifically to that part of the statement and his general protest did not give the court an opportunity to correct any error (*People v Hoke, supra*). Nor did Kersch object to the statement when it was admitted at trial. Thus, the issue is not preserved as a matter of law.

Another witness at the trial testified that Kersch admitted to him that, with another man, he killed the deceased. Defendant Frankos now contends that the testimony contained an extrajudicial statement by Kersch which incriminated him and was thus a *Bruton* error, since it deprived him of his right to confront the witness against him (*Bruton v United States,* 391 US 123). He claims that because of this testimony, the People's pretrial motion to consolidate his and Kersch's indictments should not have been granted. Although Frankos adopted the arguments of Kersch in opposing the consolidation motion, Frankos never referred to Kersch's extrajudicial statement. Nor did he provide any reason why a consolidation would be prejudicial to him. Furthermore, at trial, no objection was made to any potential *Bruton* errors. Thus, as with Kersch, Frankos' claim is not preserved as a matter of law (*People v Hoke, supra; People v Nucci, supra*). Furthermore, the remainder of defendants' claims were also not preserved for our review. Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.