■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN JACOME, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered October 8, 1982, convicting him of manslaughter in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Browne, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Judgment reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities granted, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (People v Beslanovics, 57 NY2d 726). Upon service upon him of a copy of the order to be made hereon, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Queens County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the New York City Department of Correction pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf. CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of a resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration

of a period of 45 days from the date of the order of this court to be made hereon, provided that such period may, for good cause shown, be extended by the Supreme Court, Queens County, to a designated subsequent date if such be necessary to accord the People reasonable opportunity to resubmit the case to a Grand Jury.

On April 26, 1981, two persons were shot outside a social club at Roosevelt Avenue and 81st Street in Queens. One of them, Fabio Bohorquez, died of his wounds. That same day, the defendant Juan Jacome was arrested at the 110th Precinct in Queens when he was identified by witnesses to the crime as the shooter. Following his arrest, the defendant was given the *Miranda* warnings, and invoked his right to counsel. All questioning of the defendant then ceased.

Several hours later, Detective Fischer drove defendant from the 110th Precinct to Central Booking at the 112th Precinct. According to Detective Fischer's testimony at the suppression hearing, the defendant indicated during the drive that he wanted to tell the detective the "whole story". Detective Fischer told the defendant that he could not take his statement just then, and that he should wait until they reached their destination. Upon their arrival at the 112th Precinct, Detective Fischer took a full statement from the defendant; he did not readvise him of his rights. Shortly thereafter, an Assistant District Attorney was called in. The Assistant District Attorney did reread the *Miranda* warnings to the defendant, and the defendant purportedly waived his rights thereunder, including his right to counsel. The Assistant District Attorney then tape-recorded the defendant's second statement.

These statements, ruled admissible by the hearing court, should have been suppressed. The defendant was unquestionably in custody at the time the statements were given, and had invoked his right to counsel. He could not thereafter waive that right in the absence of an attorney *(see, People v Cunningham,* 49 NY2d 203; *People v Lucas,* 53 NY2d 678). We do not find, on this record, that the error was harmless *(see, e.g., People v Jones,* 47 NY2d 528). Therefore, the judgment of conviction must be reversed and the indictment dismissed with leave to the People to resubmit any appropriate charges to another Grand Jury.

We have considered the defendant's other contentions and find them to be without merit. Lazer, J. P., Mangano, Bracken and Kooper, JJ., concur.