■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANCHEZ, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Bonomo, J.), rendered November 19, 1985, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the amended judgment is modified, on the law, by reversing the conviction for assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the amended judgment is affirmed.

Contrary to the defendant's contention, his conviction on the charge of robbery in the second degree in the course of which the victim was physically injured was not repugnant to his acquittal on the charge of robbery in the second degree predicated on the defendant having been aided by a person

actually present and arising out of the same facts *(see, People v Delgado,* 79 AD2d 975; *see also, People v Jones,* 126 AD2d 401).* The acquittal on the latter charge did not negate the essential elements required to convict on the former charge *(see, People v Goodfriend,* 64 NY2d 695).

Further, we do not find merit in the defendant's argument that the victim's injuries do not constitute "physical injury" within the meaning of Penal Law § 10.00 (9). Whether or not the victim sustained "physical injury" is generally a question for the trier of fact *(see, People v Rojas,* 61 NY2d 726) and, on this record, a rational jury could have found that the complainant suffered a "physical injury" *(see, People v Rollins,* 120 AD2d 896, *lv denied* 68 NY2d 773; *People v Coward,* 100 AD2d 628). Moreover, upon the exercise of our factual review power we are satisfied that the jury's implicit finding that the complainant suffered a "physical injury" was not against the weight of the evidence (CPL 470.15 [5]).

We also hold that the defendant was properly resentenced as a persistent violent felony offender after his first sentence had been vacated pursuant to *People v Morse* (62 NY2d 205). In the new persistent felony offender statement the People included a conviction not raised in the original statement. Such a procedure does not violate the prohibition against double jeopardy *(see, People v Sailor,* 65 NY2d 224, *cert denied* 474 US 982; *see also, People v Sykes,* 110 AD2d 918). The defendant's resentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

However, as assault in the second degree is a lesser included offense of robbery in the second degree, the assault conviction must be vacated *(see, People v Tuma,* 119 AD2d 606, *lv denied* 68 NY2d 673).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.