■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BAITY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.),

rendered June 7, 1982, convicting him of murder in the second degree, manslaughter in the first degree, robbery in the first degree (four counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Glass, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Based upon our review of the hearing record, including a photograph of the defendant's lineup, we conclude that the defendant's lineup was not unduly suggestive. Each of the fillers in the lineup possessed reasonably similar physical characteristics to the defendant and there is no indication that the police engaged in improper conduct calculated to influence the witnesses' identification of the defendant.

Similarly, we find that the branch of the defendant's omnibus motion which was to suppress his custodial statement was properly denied. The record clearly establishes that the defendant knowingly and voluntarily waived his *Miranda* rights, in writing, prior to making his statements. Moreover, there is no basis in the record to support the defendant's claim that his statements were coerced. While the defendant had been in custody for several hours prior to the time he made his statements, the defendant was not subject to unrelenting questioning or pressure during that time *(see, People v Tarsia,* 50 NY2d 1, 12; *People v Madison,* 135 AD2d 655; *People v Padilla,* 133 AD2d 353).

The defendant's claim that his right to counsel had been violated by reason of his custodial interrogation in the absence of his attorney is also without merit. In the first instance, the record demonstrates that after being advised of his *Miranda* rights, the defendant never expressly or otherwise invoked his right to counsel *(cf., People v Esposito,* 68 NY2d 961; *People v Lucas,* 53 NY2d 678, *rearg denied* 54 NY2d 642; *see also, People v Jefferson,* 139 AD2d 531 [decided herewith]). Moreover, although the defendant was represented by counsel on a pending unrelated charge at the time of his arrest on the instant charges, the record clearly establishes that the police had no actual knowledge of the pending case nor did they have reason to be aware thereof *(see, People v Fuschino,* 59 NY2d 91).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it

was legally sufficient to support the conviction. Further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We further note that the defendant does not raise a *Bruton* claim *(see, Bruton v United States,* 391 US 123) based on the fact that he was jointly tried with his two codefendants and the codefendants' confessions were admitted into evidence. In any event, we conclude that, even if it were raised on this appeal, the issue would not be cognizable because it was not preserved for appellate review by a specific objection to the introduction of the defendant's confession on *Bruton* grounds *(see, People v Frankos,* 110 AD2d 713, 714) nor did the defendant move for severance prior to trial *(see, People v Green,* 138 AD2d 516).

Finally, we find that under the circumstances of this case, the sentence imposed was neither harsh nor excessive. Mollen, P. J., Kunzeman, Eiber and Spatt, JJ., concur.