■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY JEFFERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered June 7, 1982, convicting him of murder in the second degree, manslaughter in the first degree, robbery in the first degree (four counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial,

after a hearing (Glass, J.), of those branches of the defendant's omnibus motion which were for the suppression of identification testimony and his statements to the police.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of the armed robbery of a beer distributor's store in Queens County on January 15, 1981, which resulted in the shooting death of one John Knipper, an owner of the store. On appeal, the defendant, *inter alia,* challenges the hearing court's ruling which denied those branches of his omnibus motion which were to suppress the lineup identification testimony of certain prosecution witnesses as well as his confession to an Assistant District Attorney following his arrest.

Based upon a review of the record, including the photographs of the defendant's lineup, we find that the facts adduced at the hearing clearly demonstrate that the lineup was not impermissibly suggestive *(see, Stovall v Denno,* 388 US 293). There is an absence of any evidence that the police influenced the witnesses in selecting the defendant. Moreover, the fillers in the defendant's lineup possessed physical characteristics reasonably similar to those of the defendant *(see, People v Burwell,* 26 NY2d 331; *People v Wong,* 133 AD2d 184, *lv denied* 70 NY2d 878). Thus, the branch of the defendant's omnibus motion which was to suppress the witnesses' lineup identification testimony was properly denied.

Similarly, we find no error in the hearing court's denial of that branch of the defendant's omnibus motion which was to suppress his postarrest statement made to an Assistant District Attorney. The hearing testimony established that the defendant, along with codefendants John Baity and Clifton Jefferson, were arrested at approximately 9:00 P.M. in Brooklyn on the evening of the robbery. The three men were then transported to a local Brooklyn precinct to await transport to Queens. At that time, each of the men were administered *Miranda* warnings; however, none of them wished to make a statement. Thereafter, they were transported to the 102nd Precinct in Queens where they arrived at approximately 10:00 P.M. The defendant was again administered his *Miranda* rights at the 102nd Precinct.

Sometime following his arrival at the precinct and after being readvised of his *Miranda* rights, Baity gave a statement to the police which implicated the defendant in the crime. At approximately 2:00 A.M., an Assistant District Attorney, in the presence of two detectives, spoke with the defendant who then

indicated that he was unsure whether to make a statement. The Assistant District Attorney suggested that, before the defendant made up his mind, he should speak with Baity and Jefferson. The defendant was also informed that Baity had already made a statement. The defendant was then permitted to step outside into the hallway and when he returned approximately five minutes later, he agreed to make a statement. After being given *Miranda* warnings for a third time, the defendant made a statement which neither inculpated himself nor Baity or Jefferson in the robbery and shooting. At that point in the interview, the Assistant District Attorney refused to continue questioning the defendant based on his expressed belief that the defendant was not telling the truth. In response, the defendant gave another statement detailing his involvement in the crime.

Contrary to the defendant's position, there is no basis in the record to support the conclusion that his statement was coerced or otherwise taken in violation of his *Miranda* rights. After the defendant, was administered his *Miranda* warnings at the Brooklyn precinct and again at his arrival in Queens, the police officers "scrupulously honored" his decision not to make a statement *(see, Miranda v Arizona,* 384 US 436, 479; *People v Wander,* 47 NY2d 724). The Assistant District Attorney's subsequent interview of the defendant, several hours later, in which he inquired into the defendant's desire to make a statement did not, as the defendant argues, constitute interrogation or questioning which was likely to elicit an incriminating response. Thus, the defendant's right to cut off questioning was not violated *(cf., People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007). Additionally, the Assistant District Attorney's refusal to continue questioning the defendant, after he was readvised of his *Miranda* rights and expressly waived those rights, unless the defendant told the truth, did not constitute a pattern of unrelenting coercive tactics designed to elicit a statement from the defendant *(see, People v Diaz,* 77 AD2d 523, *affd* 54 NY2d 967, *cert denied* 455 US 957; *People v Tarsia,* 50 NY2d 1; *People v Madison,* 135 AD2d 655; *People v Gagne,* 129 AD2d 808, *lv denied* 70 NY2d 704; *cf., People v Pugh,* 70 AD2d 664). Finally on this point we note that the defendant never expressly or otherwise invoked his right to counsel prior to the questioning by the Assistant District Attorney. Accordingly, the defendant's waiver of his *Miranda* rights was valid *(cf., People v Esposito,* 68 NY2d 961; *People v Lucas,* 53 NY2d 678, *rearg denied* 54 NY2d 642; *People v Jacome,* 123 AD2d 358, *lv denied* 69 NY2d 881).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient. Further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Parenthetically we note that the defendant did not raise a *Bruton* claim *(Bruton v United States,* 391 US 123) on appeal based on the fact that he was jointly tried with his two codefendants and the codefendants' confessions were admitted into evidence. We conclude, however, that even if it had been raised, the claim would not have been cognizable because it was not preserved for appellate review by an objection to the admission of this testimony during trial or by a motion by the defendant for a severance prior to trial *(see, People v Green,* 138 AD2d 516).

Finally, contrary to the defendant's position, the sentence imposed was neither harsh nor excessive under the circumstances of this case. Mollen, P. J., Kunzeman, Eiber and Spatt, JJ., concur.