■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON JEFFERSON, Appellant.—Appeal by the defendant from an judgment of the Supreme Court, Queens County (Clabby, J.), rendered June 7, 1982, convicting him of murder in the second degree, manslaughter in the first degree, robbery in the first degree (four counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of his participation in the January 15, 1981, armed robbery of a beer distribution store in Queens County, which resulted in the death of an owner of the store. Two witnesses had recorded the license plate number of the "getaway" car and the defendant and the two codefendants were arrested in the car shortly after the robbery. The car contained the weapons described by the witnesses and a case of beer which had been taken during the robbery. All three perpetrators made statements which were held to be admissible. The defendant was jointly tried with his two codefendants and he now claims that his constitutional right of confrontation was violated by the introduction of the confessions of his codefendants *(see, Bruton v United States,* 391 US 123).

Initially, we note that the defendant failed to preserve for

appellate review his challenge to the introduction of his codefendants' statements on *Bruton* grounds, nor did the defendant move for a severance *(see,* CPL 470.05 [2]; *People v Green,* 138 AD2d 516; *People v Frankos,* 110 AD2d 713, 714). In any event, while we recognize that the admission of the pretrial statements of the nontestifying codefendants was improper *(see, Cruz v State of New York,* 481 US 186, *on remand* 70 NY2d 733; *Bruton v United States, supra; People v Wheeler,* 62 NY2d 867; *People v Baity,* 139 AD2d 521), under the circumstances the error was harmless beyond a reasonable doubt *(see, People v Hamlin,* 71 NY2d 750; *People v Crimmins,* 36 NY2d 230). The defendant's own statement demonstrated his guilt. Although the defendant was not identified by the witnesses, he was arrested in the car with the other perpetrators whom the witnesses were able to identify, and the car contained the guns described by the eyewitnesses and a case of beer taken during the robbery. The car was registered in the defendant's name. Moreover, the physical evidence adduced through the testimony of two fingerprint experts linked the defendant to the crime scene. We find that there is no reasonable possibility that the outcome of the trial as to this defendant would have been different had the trial court excluded the statements of his codefendants *(see, People v West,* 72 NY2d 941; *People v Hamlin, supra; People v Crimmins, supra).*

The record reveals that the defendant's trial counsel provided him with meaningful representation at both the pretrial hearings and the trial *(see, People v Rivera,* 71 NY2d 705; *People v Baldi,* 54 NY2d 137). We find no merit to the defendant's contention that the failure of the defendant's counsel at trial to seek a severance constitutes ineffective assistance of counsel.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). In determining these issues, we have not considered the codefendants' statements.

The defendant's remaining contentions, including his claim that the sentence imposed is excessive, are either unpreserved for appellate review or without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.