■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST RUBEO, Also Known as ERNESTO RUBIO, Appellant.—

Based upon a review of the record, including the photographs of the defendant's lineup, we find that the facts adduced at the hearing clearly demonstrate that the lineup was not impermissibly suggestive *(see, Stovall v Denno,* 388 US 293; *People v Jefferson,* 139 AD2d 531). Further, contrary to the defendant's contentions, the uncontroverted hearing evidence establishes that the witnesses were separated upon their arrival at the station house, were not informed that a lineup was to be conducted until after their arrival, and remained separated until each had viewed the lineup. Thus, that branch of the defendant's omnibus motion which was to suppress the witnesses' identification testimony was properly denied.

Similarly, the hearing court's determination that the defendant understood the *Miranda* warnings which had been administered to him in Spanish on two occasions, and that his statement to the police was voluntarily made is supported by the record and should not be disturbed *(see, People v Villa,* 156 AD2d 402; *People v Armstead,* 98 AD2d 726).

We further reject the defendant's contention that the trial court improperly denied his challenge to the jury panel as underrepresentative of the Hispanic population of Westchester County. In order to establish a violation of due process based on the absence of a fair section of the community in the jury pool, a defendant must establish that a substantial and identifiable segment of the community was not included in the pool because the process used to select jurors "systematically excluded" that group from service *(see, Duren v Missouri,* 439 US 357, 364; *People v Guzman,* 60 NY2d 403). The defendant has not met this burden since the record fails to demonstrate either that Hispanics were underrepresented in the jury pool, or that the court's "random solicitation of those named on the voter registration and New York State Department of Motor Vehicles lists and State income tax rolls 'caused the particular exclusion of Hispanics' " *(People v Betancourt,* 153 AD2d 750; *People v Haye,* 154 AD2d 392).

In addition, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficent to support the defendant's conviction *(see, People v Contes,* 60 NY2d 620, 621). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see, CPL 470.15 [5]).*

We have examined the defendant's remaining contentions,

including his allegation that the sentence imposed was excessive, and find that they are either unpreserved for appellate review or without merit. Mangano, J. P., Kunzeman, Eiber and Kooper, JJ., concur.