■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HUNT, Appellant.—Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.),

rendered August 30, 1989, which resentenced defendant following his conviction of the crimes of kidnapping in the second degree (two counts), sodomy in the first degree (six counts), sodomy in the second degree (three counts), use of a child in a sexual performance (four counts) and promoting a sexual performance by a child (three counts).

On November 24, 1987, defendant was sentenced as a second felony offender in Rensselaer County Court to various indeterminate concurrent terms of imprisonment, the greatest of which was 12½ to 25 years upon his plea of guilty to the crimes listed above. The statement filed by the prosecution pursuant to CPL 400.21 accused defendant of having been previously convicted of the felony of sodomy in the second degree, committed on November 18, 1985, for which a sentence of 2 to 4 years was imposed. Defendant did not contest or controvert this 1985 conviction. On appeal, we remitted the matter to County Court for resentencing because no sentence had been imposed on the predicate felony before defendant committed the felonies enumerated above (148 AD2d 836). Inasmuch as sodomy in the second degree was the only prior felony alleged and due to our determination that this crime did not qualify as a predicate felony, we remitted for defendant's resentence "as a first felony offender" (supra, at 838). The prosecution then requested and was granted reargument, in which it was shown that the prosecution had another prior felony that it wished to substitute for the sodomy second degree conviction. Based on this showing, we amended our prior decision to delete the words "as a first felony offender". At resentencing, the People relied upon defendant's 1985 conviction in Albany County Court, in which he was sentenced as a second felony offender on the basis of an earlier Federal felony conviction in Louisiana, to establish the existence of the Federal conviction as the predicate felony (see, CPL 400.21 [8]). Defendant was sentenced to the same term as originally imposed.

On this appeal, defendant's only claim is that the principles of double jeopardy precluded the People from seeking to have him sentenced as a second felony offender upon remittal. According to defendant, the prior proceeding to sentence him as a second felony offender, in which the People failed to prove a valid predicate felony, barred the People from seeking to establish a different predicate felony at the resentencing. In a case involving this State's second and persistent felony offender statutes, the Court of Appeals held "that the protections embodied in the double jeopardy clauses of the Federal

and State Constitutions do not apply to these enhanced sentencing proceedings" *(People v Sailor,* 65 NY2d 224, 226, *cert denied* 474 US 982). Although the *Sailor* case is distinguishable on its facts, and it contains some language which appears to limit the scope of its broadly worded holding *(supra,* at 236), we are of the view that the general principles articulated therein *(see, supra,* at 229-235) are equally applicable to this case. Accordingly, we reject defendant's double jeopardy claim *(see, People v Sanchez,* 131 AD2d 605).

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.