■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKE MOORE, JR., Appellant. [637 NYS2d 740] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered July 9, 1992, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing concurrent sentences of $12^{1}/_{2}$ to 25 years imprisonment for the

defendant's convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (one count) which are to run consecutively to concurrent sentences of $12^{1}/_{2}$ to 25 years and $7^{1}/_{2}$ to 15 years for the defendant's convictions of criminal possession of a controlled substance in the third degree (one count) and criminal possession of a controlled substance in the fourth degree. The appeal brings up for review the denial, after a hearing, of the branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that all the sentences shall be concurrent; as so modified, the judgment is affirmed.

Under Indictment No. 168/92, the defendant was charged with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree for his sale of cocaine to an undercover police officer on November 13, 1991. The same indictment also charged the defendant with criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree for unlawfully possessing cocaine with an aggregate weight of $^{1}/_{8}$ ounce or more on November 21, 1991, and for possessing cocaine with the intent to sell it on the same date.

The defendant contends that the undercover police officer's viewing of a photograph of him two days after the November 13, 1991, transaction was unduly suggestive. However, as the County Court correctly found, this identification procedure was purely confirmatory, i.e., to ascertain whether the correct individual would be arrested (cf., People v Waring, 183 AD2d 271, 273; see also, People v Veale, 169 AD2d 939, affd 78 NY2d 1022).

The record reveals that the defendant's trial counsel provided him with meaningful representation (see, People v Baldi, 54 NY2d 137; People v Jefferson, 156 AD2d 716).

The defendant's sentence was excessive to the extent indicated.

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Santucci, J. P., Altman, Friedmann and Florio, JJ., concur.