■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY L. PELKEY, Appellant. [742 NYS2d 693] —Mercure, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered August 8, 2000, convicting defendant upon his plea of guilty of the crimes of criminal possession of stolen property in the third degree, forgery in the second degree (two counts), criminal possession of stolen property in the fourth degree (two counts) and possession of burglar's tools.

An indictment charged defendant with criminal possession of stolen property in the third degree, two counts of forgery in the second degree, two counts of criminal possession of stolen property in the fourth degree and possession of burglar's tools. Although the People had at one time offered defendant the opportunity to satisfy the indictment with a plea of guilty to three felonies and a sentence to an indeterminate prison term of 7½ to 15 years, that offer was withdrawn when defendant availed himself of a *Huntley* hearing. Following defendant's unsuccessful effort to suppress a written statement he gave to the police, a *Sandoval* hearing and jury selection, defendant decided to plead guilty to each count of the indictment in the absence of any assurances concerning sentence. Ultimately, de-

fendant was sentenced as a persistent felony offender to concurrent prison terms aggregating 20 years to life. He now appeals.

Because we conclude that defendant's various assertions of error are lacking in merit, we affirm. Initially, we reject the contention that County Court erred in refusing to suppress the inculpatory statement that defendant gave to the police following his arrest on a parole violation warrant. Contrary to defendant's assertion, the issuance of a parole violation warrant does not constitute the commencement of a criminal proceeding such as to invoke a defendant's nonwaivable right to counsel (*see, People v Frankos,* 110 AD2d 713; *People v Diaz,* 163 Misc 2d 103, 109-110), and the record is devoid of evidence that defendant requested counsel prior to giving the inculpatory statement at issue here.

Nor are we persuaded by defendant's attacks on the sentence imposed by County Court. It is settled law that the sentencing of a defendant as a persistent felony offender (*see,* Penal Law § 70.10) does not implicate the protections embodied in the Double Jeopardy Clauses of the Federal and State Constitutions (*see, People v Sailor,* 65 NY2d 224, 226-227, *cert denied* 474 US 982; *People v Hunt,* 162 AD2d 782, 783-784, *affd* 78 NY2d 932, *cert denied* 502 US 964; *People v Sanchez,* 131 AD2d 605, 606, *lv denied* 70 NY2d 755; *see also, People v Glenn,* 259 AD2d 375, *lv denied* 94 NY2d 880; *People v Drummond,* 87 AD2d 828). Further, the persistent felony offender hearing, which revealed that defendant had five prior felony convictions and 17 prior misdemeanor convictions and was a career criminal with a history spanning at least 16 years, was properly conducted. The hearing also demonstrated that defendant's parole had twice been revoked, he was in fact on parole at the time of his commission of the instant crimes, and no prior treatment programs or sentencing options had any apparent effect on his behavior. County Court addressed all of the relevant factors for determining whether a persistent felony offender sentence was warranted (*see,* Penal Law § 70.10; CPL 400.20 [5], [9]; *People v Rosen,* 96 NY2d 329, 335, *cert denied* 534 US 899). Finally, the record provides no evidence to support defendant's conclusory assertion that he was sentenced as a persistent felony offender in retaliation for his exercise of his right to trial (*see, People v Fallen,* 249 AD2d 771, 772, *lv denied* 92 NY2d 879; *People v Morin,* 192 AD2d 791, 793-794, *lv denied* 81 NY2d 1077).

Defendant's remaining contentions are unpreserved and are found to be unavailing in any event.

Cardona, P.J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.