■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CONGER, Appellant. [798 NYS2d 169]—

Rose, J. Appeals (1) from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 13, 2002, upon a verdict convicting defendant of the crimes of burglary in the second degree (three counts) and petit larceny (three counts), and (2) by permission, from an order of said court, entered July 10, 2003, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

Defendant was convicted of three counts of burglary in the second degree and three counts of petit larceny. Two prior felony convictions were then proven at a hearing, County Court adjudicated defendant a persistent felony offender and he was

sentenced as such to concurrent prison terms of 15 years to life. He now appeals.

Citing the United States Supreme Court's decisions in *Blakely v Washington* (542 US 296, 124 S Ct 2531 [2004]) and *Ring v Arizona* (536 US 584 [2002]), which apply the rule set forth in *Apprendi v New Jersey* (530 US 466 [2000]), defendant argues that the statute pursuant to which he was adjudicated a persistent felony offender is unconstitutional because it permits enhancement of a sentence based on facts not found by a jury (*see* CPL 400.20). We disagree. The rule applied in both *Blakely* and *Ring* is that any fact, other than a prior conviction, that increases the penalty for a crime beyond the statutorily prescribed maximum must be found by a jury and proven beyond a reasonable doubt, absent a waiver by the defendant (*see Blakely v Washington, supra,* 542 US at —, 124 S Ct at 2536; *Ring v Arizona, supra* at 604-605).

This rule is not violated in New York because a defendant's prior felony convictions are the sole determinant "of whether a defendant is subject to enhanced sentencing as a persistent felony offender" (*People v Rosen*, 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]). The statutorily prescribed minimum and maximum terms of imprisonment on each count of burglary in the second degree became 15 years and life in prison once defendant was found to be a persistent felony offender (*see* Penal Law §§ 70.00, 70.10 [2]). Although County Court had discretion not to impose a sentence within that enhanced range (*see* Penal Law § 70.10 [2]), it was the prior convictions rather than the court's finding that "the history and character of the defendant and the . . . circumstances of his criminal conduct" warranted extended incarceration that initially subjected defendant to enhanced sentencing. Since neither *Blakely* nor *Ring* requires that the facts of any prior conviction be established by a jury before an enhanced sentencing scheme is invoked, defendant failed to show that his sentence was unconstitutional (*see People v Nelson*, 16 AD3d 1172, 1173 [2005]).

Defendant's remaining arguments, including his challenge to County Court's refusal to suppress physical evidence and his claim that he did not receive the effective assistance of counsel, have been considered and found unpersuasive (*see People v Ladd*, 16 AD3d 972, 973-974 [2005]).

Spain, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed.