(December 22, 2005)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BINGHAM, Appellant. [806 NYS2d 768]—

Cardona, P.J. Appeal, by permission, from an order of the County Court of Sullivan County (LaBuda, J.), entered October 16, 2003, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crime of criminal possession of stolen property in the fourth degree, without a hearing.

In 1997, defendant was convicted of, among other things, criminal possession of stolen property in the fourth degree (263 AD2d 611 [1999], *lv denied* 93 NY2d 1014 [1999]), and the People thereafter moved to have him sentenced as a persistent felony offender (*see* Penal Law § 70.10). County Court found that the People had proven beyond a reasonable doubt that defendant had previously been convicted of at least two felonies and, thus, determined that defendant was a persistent felony offender (*see* CPL 400.20). After considering evidence regarding defendant's history and character, as well as the nature and circumstances of his criminal conduct, County Court sentenced him to a term of incarceration of 15 years to life (*see* Penal Law § 70.00 [2] [a]; [3] [a] [i]; § 70.10 [2]). Defendant subsequently moved pursuant to CPL 440.20 to set aside that sentence, as-

serting that it violated his rights under the US Constitution. County Court denied the motion, and defendant was granted permission to appeal.

Defendant argues that New York's persistent felony statutes violate the Sixth Amendment as interpreted in a series of United States Supreme Court cases (*see generally United States v Booker*, 543 US 220 [2005]; *Blakely v Washington*, 542 US 296 [2004]; *Ring v Arizona*, 536 US 584 [2002]; *Apprendi v New Jersey*, 530 US 466 [2000]). However, the Court of Appeals recently addressed this same argument in *People v Rivera* (5 NY3d 61 [2005], *cert denied* — US —, 126 S Ct 564 [2005]), and held that the applicable statutory sentencing scheme is constitutional (*id.* at 69-70). In this case, the persistent felony offender statutes were applied by County Court in the manner found not to run afoul of the Sixth Amendment in *Rivera*. Defendant's constitutional challenge to his sentence must thus fail.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed.