■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY L. PELKEY, Appellant. [809 NYS2d 474]—

Mercure, J.P. Appeal, by permission, from an order of the County Court of Washington County (Berke, J.), entered October 15, 2004, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crimes of criminal possession of stolen property in the third degree, forgery in the second degree (two counts), criminal possession of stolen property in the fourth degree (two counts) and possession of burglar's tools, without a hearing.

This case was previously before the Court on defendant's direct appeal from a judgment convicting him upon his guilty plea of several crimes relating to, among other things, his possession of a stolen vehicle; defendant was sentenced as a persistent felony offender (see Penal Law § 70.10) and this Court affirmed (294 AD2d 669 [2002], lv denied 98 NY2d 771 [2002]). Defendant now appeals from County Court's denial of his CPL 440.20 motion to vacate his sentence of 20 years to life in prison, arguing that New York's sentencing scheme violates the US Constitution's Sixth Amendment because a judge, rather than a jury, determines if a defendant receives an enhanced sentence.

Defendant's argument has been recently rejected by the Court of Appeals on the ground that "prior felony convictions are the sole determinant of whether a defendant is subject to recidivist sentencing as a persistent felony offender" (People v Rivera, 5 NY3d 61, 66 [2005], cert denied — US —, 126 S Ct 564 [2005]). His additional challenges to the procedure of the persistent felony offender hearing are foreclosed inasmuch as those challenges were addressed and rejected on his direct appeal (294 AD2d 669, 670 [2002], supra; see CPL 440.20 [2]). Finally, defendant's assertion that he was denied the effective assistance of counsel was not raised before County Court on this motion and, in any event, is unsupported by the record (cf. People v Washington, 96 AD2d 996, 998 [1983]).

Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed.