■ The People of the State of New York, Respondent, v Sloman Knox, Jr., Appellant. [818 NYS2d 921]—

Spain, J. Appeal, by permission, from an order of the County Court of Chemung County (Buckley, J.), entered January 25, 2005, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of two counts of the crime of criminal sale of a controlled substance in the third degree, without a hearing.

Previously, this Court affirmed the judgment convicting defendant, following a jury trial, of two counts of criminal sale of a controlled substance in the third degree and sentencing him as a persistent felony offender to concurrent prison terms of 16 years to life (232 AD2d 811 [1996], *lv denied* 89 NY2d 943

[1997]). Defendant now appeals from County Court's denial, in a written decision, of his CPL 440.20 motion to vacate his sentence, arguing that New York's persistent felony sentencing scheme violates his rights under the Sixth Amendment of the US Constitution, relying on *Apprendi v New Jersey* (530 US 466 [2000]). We disagree and affirm.

Defendant argued in his pro se motion to set aside his sentence that his constitutional rights were infringed upon because a judge, rather than a jury, determined whether he would receive an enhanced sentence under the persistent felony offender statutes (*see* Penal Law § 70.10; *see also* CPL 400.20). County Court properly rejected that contention (*see People v Rivera*, 5 NY3d 61, 66 [2005], *cert denied* — US —, 126 S Ct 564 [2005]; *People v Rosen*, 96 NY2d 329, 334-335 [2001], *cert denied* 534 US 899 [2001]; *People v Pelkey*, 27 AD3d 785, 785 [2006]; *People v Bingham*, 24 AD3d 1016, 1017 [2005], *lv denied* 6 NY3d 831 [2006]; *People v Conger*, 19 AD3d 938, 939 [2005], *lv denied* 5 NY3d 827 [2005]).

Defendant now also argues, for the first time on this appeal, that CPL 400.20 was unconstitutional and unconstitutionally applied at the time of his 1993 sentencing and remained so until it was clarified or "cured" in 2001 by the Court of Appeals in *People v Rosen* (*supra* at 334-335), and later in *People v Rivera* (*supra* at 66). From that premise, defendant argues that he was sentenced in accordance with a then-constitutionally deficient statute, requiring that his sentence be vacated. Inasmuch as this issue was never raised in his CPL 440.20 motion or otherwise argued in County Court, it has not been preserved for our review (*see People v Pelkey, supra*; CPL 470.05 [2]) and we decline to address it in the interest of justice.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed.