■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TASHEEM GOLDSTON, Appellant. [823 NYS2d 299]—

Crew III, J.P. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered January 27, 2004, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

While defendant was being transferred to a new housing unit at Coxsackie Correctional Facility in Greene County, an alarm sounded when he passed through a metal detector. As a consequence, defendant was strip-searched at which time he was found in possession of a metal shank. Defendant thereafter was indicted and charged with promoting prison contraband for which he was convicted following a jury trial. Defendant then was sentenced to a prison term of 20 to 60 months to be served consecutively to the sentence he was then serving. Defendant now appeals.

Defendant contends that County Court erred in denying his request for an adjournment after granting his request to substitute retained counsel for his assigned counsel. We disagree. A motion to substitute counsel and grant an adjournment is committed to the trial court's sound discretion and will not be disturbed absent an abuse (*see e.g. People v Nelson*, 1 AD3d 796, 797-798 [2003], *lv denied* 1 NY3d 631 [2004]). We find no such abuse present here. It should be noted that defendant's request to substitute counsel and for adjournment came on the very day that the case was to proceed with jury selection. County Court afforded defendant the option of proceeding with assigned counsel or substituting retained counsel and proceeding with the trial as scheduled. Defendant chose the latter option. Clearly, County Court struck a "reasonable balance between defendant's right to be represented by counsel of his own choice and the need to guard against unwarranted delay occasioned by . . . defendant's frivolous request for substitution" (*People v Skaar*, 225 AD2d 824, 825 [1996], *lv denied* 88 NY2d 854 [1996]). We have considered defendant's remaining contentions and find them equally without merit.

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.