■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER L. JACKSON, Appellant. [847 NYS2d 743]—Lahtinen, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered September 10, 2001, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, rape in the first degree and robbery in the second degree.

In satisfaction of two indictments and one superior court information, defendant pleaded guilty to burglary in the second

degree, rape in the first degree and robbery in the second degree. As part of such pleas, defendant agreed to be sentenced as a persistent felony offender to a prison term of 15 years to life on the burglary charge and as a second felony offender to two 10-year sentences on the rape and robbery charges, with all sentences to run concurrently. Additionally, defendant agreed to waive, among other things, his right to a hearing to determine whether he should be sentenced as a persistent felony offender on the burglary charge. After being sentenced in accordance with the plea agreement, defendant appealed to this Court.

On this appeal, defendant argues that the imposition of an enhanced sentence on the burglary charge pursuant to the persistent felony offender sentencing provisions of Penal Law § 70.10 and CPL 400.20 violated US Constitution 6th Amendment since the facts upon which the enhanced sentence was based were not proven beyond a reasonable doubt before a jury (*see Apprendi v New Jersey*, 530 US 466 [2000]; *see also Cunningham v California*, 549 US —, 127 S Ct 856 [2007]; *United States v Booker*, 543 US 220 [2005]; *Blakely v Washington*, 542 US 296 [2004]). This argument, however, was not preserved for our review (*see People v Singh*, 35 AD3d 633, 634 [2006], *lv denied* 9 NY3d 881 [2007]; *People v Knox*, 32 AD3d 617, 618 [2006], *lv dismissed* 7 NY3d 899 [2006], *lv denied* 7 NY3d 903 [2006]; *People v Moore*, 6 AD3d 1076, 1077 [2004], *lv denied* 3 NY3d 661 [2004]), and we decline to exercise our interest of justice jurisdiction.

In any event, this Court is bound by the decision of the Court of Appeals in *People v Rivera* (5 NY3d 61 [2005], *cert denied* 546 US 984 [2005]) notwithstanding conflicting federal post-*Rivera* decisions (*see Washington v Poole*, 507 F Supp 2d 342 [2007]; *Portalatin v Graham*, 478 F Supp 2d 385 [2007]; *but see Bailey v Rivera*, 2007 WL 3120904, 2007 US Dist LEXIS 78753 [SD NY 2007]; *Morris v Artus*, 2007 WL 2200699, 2007 US Dist LEXIS 55650 [SD NY 2007]; *Phillips v Artus*, 2006 WL 1867386, 2006 US Dist LEXIS 45697 [SD NY 2006]) since, "[i]f there is a conflict between the lower [f]ederal courts and the New York Court of Appeals, we are bound by the rulings of our highest court" (*Matter of Boyd v Constantine*, 180 AD2d 186, 189 [1992], *revd on other grounds* 81 NY2d 189 [1993]; *see People v Johnson*, 24 AD3d 967, 970 [2005], *lv denied* 6 NY3d 814 [2006]). Finally, we note that County Court did not make any factual findings upon which it based its sentencing of defendant (*see People v Rivera*, 5 NY3d at 67-68).

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed.