■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EBERHART, Appellant. [851 NYS2d 293]—

Mercure, J. Appeal from a judgment of the County Court of Ulster County (LaBuda, J.), rendered October 19, 2005, upon a verdict convicting defendant of two counts of the crime of attempted robbery in the third degree.

In August 2004, defendant forced his way into the car of the 78-year-old victim, who was getting into the vehicle after stopping to buy groceries on her way home from a weekly bingo game in the Village of Ellenville, Ulster County. Defendant then struggled with the victim for several minutes and ultimately succeeded in prying her car keys from her hand. The victim began to scream and sound her vehicle's horn, causing defendant and an accomplice standing nearby to flee into an adjacent cornfield when a store employee came out to investigate. As he was running, defendant threw the victim's car keys to the ground. Police, searching an area of nearby brambles, later found defendant and his accomplice, who were each curled up into a ball and hiding beneath bushes.

Thereafter, defendant was charged in an indictment with two counts of attempted robbery in the second degree. Following a jury trial, he was found guilty of attempted robbery in the third degree (two counts), which was charged as a lesser included offense. He was sentenced, as a persistent felony offender, to 25 years to life in prison. Defendant appeals and we now affirm.

Initially, we note that defendant's constitutional challenge to the statutory procedure pursuant to which he was adjudicated a persistent felony offender (*see* Penal Law § 70.10; CPL 400.20) is unpreserved for our review (*see People v Jackson*, 46 AD3d 1110, 1111 [2007]; *see also People v Rivera*, 9 NY3d 904, 905 [2007]; *People v Daniels*, 5 NY3d 738, 740 [2005], *cert denied* 546 US 988 [2005]). Inasmuch as this Court is bound by the Court of Appeals decision in *People v Rivera* (5 NY3d 61, 66-68 [2005], *cert denied* 546 US 984 [2005]) rejecting the same argument on the merits, reversal in the interest of justice is not warranted (*see People v Jackson*, 46 AD3d at 1111; *see also People v Pelkey*, 27 AD3d 785, 785 [2006], *lv denied* 7 NY3d 761 [2006]; *People v Bingham*, 24 AD3d 1016, 1017 [2005], *lv denied* 6 NY3d 831 [2006]). With respect to defendant's assertion that he was convicted under a theory that varied from the allegations in the indictment because the jury found him guilty of attempted robbery in the third degree when the indictment charged attempted robbery in the second degree, his argument is more properly characterized as a challenge to the propriety of County Court charging attempted robbery in the third degree as a lesser included offense. That challenge to the jury charge, along with defendant's related contentions that the evidence was legally insufficient to support his convictions of attempted robbery in the third degree, is also unpreserved for our review (*see* CPL 300.50 [1]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Ford*, 62 NY2d 275, 281-283 [1984]), and we decline to reverse in the interest of justice on either issue.

Finally, we reject defendant's sole preserved argument that County Court abused its discretion in refusing to adjourn the proceedings after appointing new counsel, at defendant's request, on the eve of trial. "Although a defendant has the constitutionally guaranteed right to be defended by counsel of his [or her] own choosing, this right is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings" (*People v Arroyave*, 49 NY2d 264, 271 [1980]). Here, although County Court stated that prior counsel was experienced and knowledgeable and had represented defendant competently and aggressively in the proceedings until that point, the court granted defendant's request for substitution of counsel in the face of defendant's threat to absent himself from all court proceedings if prior counsel continued to represent him. New counsel then had four days to prepare for trial, and defendant concedes that the short notice did not affect counsel's performance at trial. Under these circumstances, "County Court struck a 'reasonable balance between defendant's right to be represented by counsel of his own choice and the need to guard against unwarranted delay occasioned by . . . [the] request for substitution' " (*People v Goldston*, 34 AD3d 922, 923 [2006], *lv denied* 8 NY3d 846 [2007] [citation omitted]; *see People v Swaby*, 179 AD2d 793, 793 [1992]).

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.