■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER L. JACKSON, Appellant. [939 NYS2d 891]—Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered February 11, 2011, which resentenced defendant following his conviction of the crimes of rape in the first degree and robbery in the second degree.

In 2001, as relevant here, defendant entered a plea of guilty to rape in the first degree and robbery in the second degree. County Court sentenced defendant, as a second felony offender, to concurrent prison terms of 10 years on each of these counts (*People v Jackson*, 46 AD3d 1110, 1110 [2007], *lv denied* 10 NY3d 766 [2008]). Thereafter, upon being informed that the mandatory period of postrelease supervision for these convictions had not been imposed, the court required that defendant

be returned for resentencing. At the conclusion of that proceeding, County Court, with the consent of the prosecutor as required by Penal Law § 70.85, resentenced defendant to his original sentence without imposing any period of postrelease supervision. This appeal ensued.

Appellate counsel seeks to be relieved of her assignment upon the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record and counsel's brief, we agree. Therefore, the judgment is affirmed and counsel's application for leave to withdraw is granted (*see People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Lahtinen, J.P., Spain, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.