Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered July 1, 2011, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and sentencing him a determinate term of imprisonment of nine years plus a period of five years of postrelease supervision upon his conviction of criminal possession of a weapon in the second degree, a determinate term of imprisonment of seven years plus a period of two years of postrelease supervision upon his conviction of criminal possession of a controlled substance in the third degree, and a definite term of one year of imprisonment upon his conviction of criminal possession of a weapon in the fourth degree, to run concurrently with each other. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed upon the defendant’s conviction of criminal possession of a weapon in the second degree from a determinate term of imprisonment of nine years plus a period of five years of post-release supervision to a determinate term of imprisonment of 5V2 years plus a period of three years of postrelease supervision, and by reducing the sentence imposed upon the defendant’s conviction of criminal possession of a controlled substance in third degree from a determinate term of imprisonment of seven years plus a period of two years of postrelease supervision to a determinate term of imprisonment of 3V2 years plus a period of two years of postrelease supervision; as so modified, the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 *791 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The Supreme Court properly denied that branch of the defendant’s omnibus motion which was to suppress marijuana observed in plain view, and other evidence seized from his vehicle after a lawful traffic stop (cf. People v Beriguette, 84 NY2d 978, 980 [1994]; People v Davis, 103 AD3d 810, 811 [2013]; People v Anderson, 91 AD3d 789 [2012]; People v Foster, 4 AD3d 434 [2004]). “In light of the heightened dangers faced by investigating police officers during traffic stops, a police officer may, as a precautionary measure and without particularized suspicion, direct the occupants of a lawfully stopped vehicle to step out of the car” (People v Garcia, 20 NY3d 317, 321 [2012]; see Pennsylvania v Mimms, 434 US 106, 111 n 6 [1977]; People v Robinson, 74 NY2d 773, 775 [1989]). Contrary to the defendant’s contention, the testimony given by police officers at the suppression hearing in this matter regarding the reason for the traffic stop, and their observation of the marijuana when the defendant was exiting his vehicle, was not incredible as a matter of law (cf. People v Glenn, 53 AD3d 622, 624 [2008]; People v Foster, 4 AD3d 434 [2004]).
The defendant’s contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review, since he failed to object to any of the remarks about which he now complains (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People v Douglas, 64 AD3d 726, 727 [2009]). In any event, the defendant was not deprived of a fair trial; most of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, fair comment on the evidence, or responsive to arguments and theories presented in the defense summation (see People v Halm, 81 NY2d 819, 821 [1993]; People v Galloway, 54 NY2d 396, 399 [1981]; People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Turner, 214 AD2d 594 [1995]). To the extent that the remaining individual challenged remarks were improper, they were harmless (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
The sentences imposed upon the defendant’s convictions of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree were excessive to the extent indicated herein.
Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.