■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW BAXTER, Appellant. [34 NYS3d 505]—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered July 22, 2013, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record supports the hearing court's determination that the police were justified in stopping his vehicle based on their reasonable suspicion of

criminal activity (*see People v Ocasio*, 85 NY2d 982, 984 [1995]; *People v Mitchell*, 143 AD2d 947, 948 [1988]). Since the stop of the vehicle was lawful, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from the vehicle (*see People v Mitchell*, 125 AD3d 790 [2015]).

Also, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials, as the statements were made after the defendant intelligently, knowingly, and voluntarily waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]; *People v Santos*, 38 AD3d 574, 575 [2007]) and were not the product of coercion (*see People v Cooper*, 36 AD3d 828 [2007]). We reject the defendant's related contention that his statements should have been suppressed based on a violation of his right to counsel because they were obtained following his arrest on a valid parole violation warrant. Contrary to the defendant's assertion, the issuance of a parole violation warrant does not constitute the commencement of a criminal proceeding to which the indelible right to counsel attaches (*see People v Frankos*, 110 AD2d 713 [1985]; *see also People v Pelkey*, 294 AD2d 669, 670 [2002]). Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.