THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
SAMUEL KELLY, Appellant.

First Department, December 20, 1977

## APPEARANCES OF COUNSEL

*Lewis R. Friedman* of counsel *(Herman Kaufman* with him on the brief; *Litman, Friedman & Kaufman,* attorneys), for appellant.

*Edward G. Spell* of counsel *(Alan D. Marrus* with him on the brief; *Mario Merola, District Attorney),* for respondent.

**OPINION OF THE COURT**

SILVERMAN, J.

Defendant appeals from a judgment of the Supreme Court, Bronx County, convicting him on jury verdict after trial, of rape in the first degree, robbery in the first degree, and related crimes, and sentencing him as a predicate felon to concurrent indeterminate terms of imprisonment, the longest of which is 12½ to 25 years.

There is no doubt of defendant's guilt. The victim of his crime was a religious sister. Defendant was found shortly after the crime on the premises of the religious school and convent in a hallway leading to the roof of the convent. He was immediately identified by the victim as her assailant. He was in possession of the victim's watch and purse. His excuse at the trial for his presence in the building was that a priest had told him of the crime and asked for his assistance to look for the criminal. The priest testified that his only conversation with the defendant had taken place an hour before the crime.

The only point on this appeal we deem worthy of discussion is defendant's claim of denial of counsel. Defendant had been represented by counsel throughout the criminal action and through a hearing on suppression motions. Thereafter and before the jury was selected, the defendant's counsel asked to be relieved because the defendant would only let Allah represent him. After some colloquy, the court denied the attorney's application and directed the attorney to remain in court and to be available to defendant at all times for whatever advice and help the defendant wanted. During the *voire dire* and the trial, the attorney and the client essentially remained mute, although there were some occasions on which the record indicates the court reminded the defendant of the availability of his attorney and suggested that he consult with his attorney, and that at least at one point the defendant did consult with his attorney, e.g., S. M. 180. The defendant took the stand and testified, and the defendant summed up to the jury himself, briefly and unconvincingly. The jury brought in a verdict of guilty.

Before considering whether the defendant has been deprived of his right of counsel it may be illuminating to consider briefly some stages in the development of the law in this area.

■ ■ In *Powell v Alabama* (287 US 45) and *Gideon v Wainwright* (372 US 335), the Supreme Court upheld the right

of indigent defendants in criminal cases to counsel to be furnished by the State. More recently in *Faretta v California* (422 US 806), the Supreme Court raised to a constitutional level the right of the defendant to represent himself *pro se* without counsel if he wished.

■ Thus the defendant in a criminal case has a constitutional right to choose whether he wishes to be represented by counsel or whether he wishes to represent himself (see *United States ex rel. Konigsberg v Vincent*, 526 F2d 131, 133-134); and if refused his choice, he has been deprived of a substantial constitutional right.

Thus far the course is clear for a court desirous of assuring the defendant a fair trial and the protection of his legal rights: If the defendant wants counsel, he gets it; if he wants to represent himself without counsel, he may do so.

■ But there is a more difficult qualification on the latter right, a qualification which is proving an attractive area for appellants searching for error (not to mention defendants who wish to be obstructive). Not only may the denial of defendant's request for *pro se* representation be error, but the grant of such a request may also be error, if the court does not make sufficient inquiry to determine that defendant's choice to represent himself is the result of an intelligent understanding of the situation. *(People v McIntyre,* 36 NY2d 10; *People v Allen,* 39 NY2d 916.)* "In light of the multifaceted problems generated by a motion to proceed *pro se,* the task of the trial court is exceedingly difficult." *(People v McIntyre, supra,* p 14.)

The argument in the present case represents an effort to enlarge the possibility of claim of error still further. Here the application was not made by the defendant. Instead his attorney asked to be relieved because the defendant said he would be judged by Allah and it was the attorney's impression that the defendant either did not want the attorney to represent him, or if the defendant did want him to represent him, then he wanted the attorney to sit mute and at least not participate in the *voir dire* of prospective jurors. The court's efforts to ascertain whether defendant wanted to be represented by counsel or wanted to appear *pro se* were met by unresponsive statements that the defendant would be judged by Allah and that Allah would advise him. The court, after colloquy with defendant's attorney and defendant, covering approximately nine pages of typewritten transcript, denied the attorney's

application to be relieved and directed counsel to render whatever assistance appellant requested.

■■ The denial was of course correct. Clearly the defendant here did not meet the requirements that the Court of Appeals has stated for the right of appearing *pro se:* "(1) [T]he request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues." *(People v McIntyre, supra,* p 17.)

But the claim of error here is not that the court improperly denied the application. Rather the claim is that the effect of the denial was the same as if the court had granted the application because the defendant would not let his attorney participate in the case.

After nine pages of fruitless effort by the court to ascertain what the defendant wanted within the realistic limitations of a human common-law system of justice, we are at a loss to understand what else the court should have done besides denying the attorney's application to be relieved and directing the attorney to remain available to render such assistance to the defendant as the defendant wished. Should the court have admonished the defendant to co-operate with his lawyer, on pain of—what? As United States Circuit Judge FEINBERG said, precisely with respect to a claim by an obstructive, criminally experienced defendant, that he should not have been allowed to have his way about representing himself, and that his conviction should therefore be reversed: "A criminal trial is not an obstacle course for the judge." *(United States ex rel. Konigsberg v Vincent, supra,* p 134.)

A system of justice must not only be just but sensible and practical. An experienced criminal defendant (this defendant had been convicted several times, including two felonies, and had permitted his attorney to represent him through the suppression hearing) should not be permitted to nullify a trial and require a new trial by the simple expedient of obstructing every effort of the court to assure to the defendant his legal rights and a fair trial. There comes a point where a defendant must bear the consequences of his conduct, in a courtroom as well as out of it.

■ We hold that defendant was not deprived of his right to be represented by counsel.

We have considered the other claims of error and find them to be without merit.

The judgment of the Supreme Court, Bronx County (DOLLINGER, J.), rendered March 25, 1975, convicting defendant of rape in the first degree, robbery in the first degree, and related crimes, and sentencing him to imprisonment thereon should be affirmed.

KUPFERMAN, J. P., LUPIANO and BIRNS, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on March 25, 1975, unanimously affirmed.