Jones, Fuchsberg and Meyer, JJ.
(dissenting). The order of the Appellate Division should be reversed, the plea vacated and the case remitted to the Supreme Court for further proceedings. A postplea inquiry does not satisfy the requirement that, before accepting a plea from a defendant who is jointly represented, the court must ascertain *40 on the record whether the defendants perceive the risk of such representation. Such queries are of a kind with those which are called for when a defendant desires to exercise .the right to proceed pro se (see People v Kelly, 44 NY2d 725, affg 60 AD2d 220, 223; People v McIntyre, 36 NY2d 10, 17); both are rooted in the key role the right to counsel plays under our adversary system, something which lay defendants usually will not fully appreciate. And, even more so than on a disposition after trial, whose fuller record will have illumined the possibility of prejudice more adequately, post hoc rationalization of the harmlessness of a court’s failure to make inquiry when a plea is taken contains a substantial risk of unreliability (cf. People v Purdy, 53 NY2d 806; People v Rolston, 50 NY2d 1048; People v Grant, 45 NY2d 366, 377-380; cf. People v Hodge, 53 NY2d 313, 321 [right to counsel at preliminary hearing]; People v Jones, 47 NY2d 409, 417 [right to public trial]).
The difficulty with a retrospective hearing to determine whether there was in fact a conflict is that it requires not only the recapture of the dynamics of the plea bargaining (or when the issue is raised after trial, of the trial), in itself a difficult enough pursuit, but also the persuasion of the Judge who failed to see the possibility of conflict in the first place and the attorney whose acumen, if not integrity, may be at stake, that they were in error and should admit it. True, in any particular case, including the instant case, the fact may, indeed, be that there was no conflict, but the odds against a finding of conflict resulting from such a hearing are so great and the effect upon the appearance of justice of a procedure which appears to pit lawyer and Judge against client is so devastating that we can no longer agree to use of the procedure. The alternative is entirely free of such flaws and is simple in both operation and concept : a Trial Judge faced with two defendants represented by the same attorney must inform each of his right to separate counsel and that, if he cannot afford counsel, the court will appoint counsel to advise him concerning the possibility of conflict and to represent him if a real possibility of conflict exists. Advised of his rights before the conflict arises, each defendant can make an intelligent choice. Should he *41 elect to proceed with joint counsel after being so informed by the court or after consultation with separate counsel, he would then be foreclosed by his choice from thereafter raising the issue of conflict. The only difference between the present rule and that suggested is that the latter is mandatory, but the instances in which the present rule is honored in the breach make clear that justice requires no less.
Chief Judge Cooke and Judges Jasen, Gabrielli and Wachtler concur in Per Curiam opinion; Judges Jones, Fuchsberg and Meyer dissent and vote to reverse in a memorandum.
Order affirmed.