■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERUNE DUNCAN, Appellant. [683 NYS2d 327] —Graffeo, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered August 6, 1998, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On December 11, 1996 a police informant purchased one half of a gram of crack cocaine from Kathleen Leroux in the Town of Queensbury, Warren County. After her arrest, Leroux identified defendant as her supplier of drugs and agreed to cooperate with police in their efforts to arrest defendant. The police accompanied Leroux to her apartment and immediately after paging her supplier, she received a telephone call from defendant and asked defendant to "bounce over". Leroux had previously informed State Police Investigator John Brooks that this phrase indicated that she had cash for defendant. Defendant arrived at Leroux's apartment within 5 to 10 minutes after the call and upon his entry into the apartment, Leroux and defendant proceeded toward the bathroom where they usually went to conduct their transactions. Upon his arrest, defendant acknowledged that he was at Leroux's apartment to "collect cash". Defendant's pager was confiscated by the police and the device confirmed that he had received a page from Leroux. Another individual involved in the delivery of drugs for defendant, Leroy Magee, also cooperated with the police after Leroux implicated him in her past drug transactions with defendant. Following a jury trial, defendant was convicted of criminal sale of a controlled substance in the third degree and sentenced to an indeterminate term of imprisonment of 8⅓ to 25 years.

In seeking to vacate his conviction, defendant contends that there was inadequate corroboration of the testimony of Leroux and Magee. We disagree. It is well settled that accomplice testimony must be corroborated by independent evidence "tending to connect the defendant with the commission" of the crime (CPL 60.22 [1]; *see, People v Steinberg*, 79 NY2d 673, 683). However, the evidence need not establish the elements of the crime and seemingly insignificant proof may be sufficient to provide the necessary corroboration to support the jury's finding that the accomplice testimony was credible (*see, People v Breland*, 83 NY2d 286; *People v Steinberg, supra*; *People v Glasper*, 52 NY2d 970).

At trial, Leroux testified that defendant supplied her with drugs to sell and at times used Magee as an intermediary for delivery of the drugs. She also described their established procedure in which she would telephone defendant's pager number and use the code word "bounce" to indicate that she had sold her supply of crack cocaine and that she had cash to give defendant. On the day of her arrest, Leroux testified that she sold drugs which she had earlier received from defendant by ordering drugs pursuant to the aforementioned procedure which was confirmed by Magee's testimony. Magee testified that he was involved in the delivery of drugs at defendant's direction to Leroux and that Leroux worked as one of defendant's dealers.

Our review of the record indicates that the corroborative evidence adduced at trial satisfies the requirements of CPL 60.22. Immediately after being paged by Leroux, defendant returned the call. Defendant's pager confirmed that he was the individual Leroux paged. During their conversation, Leroux used the term "bounce" which, in accordance with their preestablished contact procedures, prompted defendant to arrive at her apartment shortly thereafter. Upon arrival, defendant walked into the bathroom which was outside the view of the front windows. In response to a police inquiry, defendant acknowledged that he was at the apartment to get his cash. Although this evidence, taken without reference to the accomplices' testimony, was insufficient to prove the elements of the crime, it connected defendant to the commission of the crime (*see, People v Hudson*, 51 NY2d 233; *People v Riddick*, 246 AD2d 821, *lv denied* 91 NY2d 944; *People v Edge*, 127 AD2d 889, *lv denied* 70 NY2d 711). Taken in conjunction with the testimony of both accomplices, whose recitations of their roles in drug transactions with defendant and the procedures used to consummate the transactions were consistent, the jury could properly find their testimony to be credible (*see, People v Glasper*, 52 NY2d 970, *supra*; *People v Cunningham*, 48 NY2d 938; *People v Swinton*, 200 AD2d 892, *lv denied* 83 NY2d 1007).

Defendant's remaining contentions have been considered and found to be without merit. Accordingly, we find no basis to disturb the jury's verdict.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.