■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH EADY, Appellant. [755 NYS2d 463] —Kane, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered June 18, 2001, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant was indicted for promoting prison contraband in the first degree, based on an incident wherein a razor blade was found on his person while he was an inmate at the Elmira Correctional Facility in Chemung County. Approximately two weeks after defendant's first trial resulted in a mistrial, defendant was produced before County Court for the purpose of commencing a second trial. In the interim, defendant had been moved by the Department of Correctional Services to a new facility. Prior to jury selection, defendant requested an adjournment, arguing that, because of his transfer, he had not had the opportunity to confer with his attorney or review the trial transcript and he had not been informed that the case would be tried that day. County Court denied the request.

Next, defendant requested permission to proceed pro se. He advised County Court that he had directed the defense in the prior trial and that, if he was permitted to proceed pro se, it would obviate the necessity to consult with counsel with respect to trial strategy. County Court denied that request. Defendant then expressed his desire to waive his right to be present at trial. While the court was researching the law, defendant attempted to leave the courtroom and had to be physically restrained. After a lengthy colloquy with the court, defendant reiterated his request to appear pro se but, upon County Court's denial, agreed to be present at trial and proceed with counsel. Defendant's pro se motion, after conviction, to set aside the verdict based on, inter alia, the denial of his request for an adjournment and his application to proceed pro se, was denied by County Court. Defendant appeals.

We affirm. It is well settled that "[a] criminal defendant may be permitted to proceed *pro se* if the request is timely and unequivocal, there has been a knowing and intelligent waiver of the right to counsel, and the defendant has not engaged in conduct which would interfere with a fair and orderly trial" (*People v Neish*, 232 AD2d 744, 746, *lv denied* 89 NY2d 927;

*see People v Ryan*, 82 NY2d 497, 507; *People v McIntyre*, 36 NY2d 10, 17). County Court, in denying defendant's request as untimely, stated that the matter had been pending before the court for six months, there had been five appearances prior to his jury trial from October 10 through October 12, 2000 and that, through all the appearances, defendant had been represented either by the Public Defender or Assistant Public Defender and he had never made a request to proceed pro se during that 6½-month period. County Court further found that defendant's last minute request to proceed pro se was an attempt to delay the trial after his request for an adjournment had been denied. Additionally, County Court found that there was a potential for unruly conduct based upon defendant's attempt to walk out of the courtroom.

We find defendant's motion to proceed pro se made before the commencement of trial both timely and unequivocal (*see People v McIntyre, supra* at 17). While we are not convinced that defendant was attempting to delay the trial because he never coupled his request to proceed pro se with a request for an adjournment, we find defendant's conduct following his application to absent himself during trial sufficient to sustain County Court's denial of his motion. It appears that when the court left the bench in order to research the issue of defendant's application to absent himself during trial, defendant attempted to walk out of the courtroom, refusing to obey direct orders to remain seated given to him by the correction officers. Defendant had to be wrestled to the floor and restraints placed upon him. When the court returned, the incident was related to the court, at which time it revisited its decision finding defendant's disruptive conduct an additional basis upon which to deny his application to proceed pro se. Unlike the circumstances in *People v McIntyre (supra)*, here defendant was not goaded by the court into disruptive behavior. Thus, we find defendant's unprovoked, disorderly response to an adverse ruling provided a sufficient basis for County Court to find that there was a potential for defendant to engage in conduct which would interfere with a fair and orderly trial. Accordingly, we conclude that defendant's motion to proceed pro se was properly denied.

We are likewise unpersuaded that County Court abused its discretion in denying defendant's request for an adjournment. "[A]djournment is a matter left to the sound discretion of the trial court" (*People v Schnackenberg*, 269 AD2d 618, 619, *lv denied* 94 NY2d 925). County Court's denial affected neither defendant's right to counsel nor a fair trial. Defendant had been tried just 2½ weeks earlier on the same charge, which

trial resulted in a hung jury. The trial transcript, except for the court's charge, had been available to counsel in sufficient time to review and prepare for the second trial. The trial transcript consisted of only 180 pages, including jury selection, charge, the testimony of four witnesses for the People and defendant's own testimony. Hence, we find that there was sufficient time between jury selection and the presentation of proof for counsel to meet with defendant to review the transcript and discuss trial strategy.

Finally, we find no merit to defendant's contention that certain rebuttal testimony was improperly admitted by County Court. The rule prohibiting the use of extrinsic evidence to impeach a witness on a matter that is merely collateral "has no application where the issue to which the evidence relates is material in the sense that it is relevant to the very issues that the jury must decide" (*People v Knight*, 80 NY2d 845, 847). Here, the evidence was offered to prove defendant's knowledge of the contents of the "kite" he was carrying. Because this issue was at the very heart of the prosecution's case, County Court did not err by allowing this rebuttal testimony.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.