■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. GILBO, Appellant. [859 NYS2d 521]—

Mercure, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered May 23, 2006, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny (two counts).

Defendant was charged in an indictment with burglary in the second degree and two counts of petit larceny arising out of the theft of both a stereo from a residence and a chainsaw that had been left outside a barn. Following a jury trial, he was convicted as charged and sentenced, as a persistent felony offender, to an aggregate term of 15 years to life in prison. Defendant appeals and we now affirm.

Initially, we reject defendant's argument that the evidence was legally insufficient to support his convictions and that the verdict was against the weight of the evidence. Specifically, defendant asserts that the testimony of his nephew, Michael Gilbo, was not sufficiently corroborated by evidence tending to connect defendant with the commission of the charged crimes (see CPL 60.22 [1]). In that regard, we note that "[t]he required corroborative evidence must be independent of the accomplice's testimony and be of such probative worth itself as to satisfy the jury that the defendant indeed is connected to the crime, rendering the accomplice's testimony worthy of belief" (People v Mensche, 276 AD2d 834, 835 [2000], lv denied 95 NY2d 966 [2000]; see People v Hudson, 51 NY2d 233, 238 [1980]). The People are required, however, to present "only enough nonaccomplice evidence to assure that the accomplices have offered credible probative evidence . . . [E]ven seemingly insignificant matters may harmonize with the accomplice's narrative so as to provide the necessary corroboration" (People v Caban, 5 NY3d 143, 155 [2005] [internal quotation marks and citations omitted]; see People v Jones, 85 NY2d 823, 825 [1995]).

Here, assuming that the jury concluded that Gilbo was an accomplice, the corroboration requirement was met. Gilbo testified that he was driving defendant in his car when defendant asked him to pull over at Joseph White's residence, whereupon defendant got out of the car while Gilbo gave his infant son, who was in the back seat, a bottle. Defendant later returned with a stereo. After Gilbo drove away, defendant asked him to pull into Russell Sprague's driveway; he then got out of the car and picked up a chainsaw that was outside. When a man started screaming and defendant told Gilbo to leave, he drove off only to be stopped by police shortly thereafter. This evidence was

corroborated by the testimony of police officers that they then observed the stereo in the back seat and the chainsaw by defendant's legs on the passenger side of Gilbo's vehicle, and that defendant tried to hide the chainsaw with his legs and denied knowledge of its existence before stating that he had purchased it. One officer further testified that defendant stated that the stereo came from "the house" and that "he could rob any place in Canton," including the police station, and the police "could do nothing about it." White testified that he left his door unlocked on the day of the burglary and found his stereo missing when he returned home; Sprague testified that Gilbo's vehicle drove off after a man meeting defendant's description got out of the passenger's side and picked up his chainsaw.

In our view, the testimony of the property owners, as well as that of the police regarding defendant's statement and conduct at the time that Gilbo's vehicle was stopped, was adequate "to satisfy the minimal requirements" of CPL 60.22 (*People v Jones*, 85 NY2d at 825; *see People v Caban*, 5 NY3d at 155; *People v Hudson*, 51 NY2d at 238-239; *People v McIntyre*, 277 AD2d 1000, 1000 [2000], *lv denied* 96 NY2d 736 [2001]; *People v Mensche*, 276 AD2d at 835). Moreover, given Gilbo's testimony and viewing the evidence in a light most favorable to the People, "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]). Similarly, considering the evidence in a neutral light and giving deference to the jury's opportunity to view the witnesses testify, we cannot say that the verdict was against the weight of the evidence (*see id.*). To the extent that defendant argues that the jury should have been instructed on intoxication with respect to the burglary charge and that Gilbo was an accomplice as a matter of law, his arguments are unpreserved for our review (*see People v Lipton*, 54 NY2d 340, 351 [1981]; *People v Kruger*, 184 AD2d 1031, 1031 [1992], *lv denied* 80 NY2d 931 [1992]), and do not warrant reversal in the interest of justice.

We further conclude that County Court did not abuse its discretion in denying defendant's request to proceed pro se and his counsel's motion to withdraw. It is well settled that "[a] defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which

would prevent the fair and orderly exposition of the issues" (*People v McIntyre*, 36 NY2d 10, 17 [1974]). Notably, a defendant may forfeit the right to self-representation "by engaging in disruptive or obstrep[e]rous conduct . . . calculated to undermine, upset or unreasonably delay the progress of the trial" (*id.* at 18 [citations omitted]; *see People v Kelly*, 60 AD2d 220, 223-224 [1977], *affd for reasons stated below* 44 NY2d 725 [1978]). Here, after the court made appropriate inquiries regarding defendant's education, employment history, experience with the legal system and understanding of the risks inherent in proceeding pro se (*see e.g. People v Arroyo*, 98 NY2d 101, 104 [2002]), defendant informed the court that he did not need a lawyer and that he intended to represent himself from his cell. He then became belligerent and criticized the court over a prior ruling regarding bail, demanded a change of venue and stated that he was "going to get railroaded, [and he] might as well get railroaded from [his] cell." In light of defendant's unprovoked, disruptive conduct and his refusal to meaningfully participate in his trial if permitted to proceed pro se, we conclude that County Court properly denied his motion (*see People v Eady*, 301 AD2d 965, 966 [2003], *lv denied* 100 NY2d 538 [2003]; *People v Kelly*, 60 AD2d at 223-224; *cf. People v McIntyre*, 36 NY2d at 18-19). Furthermore, inasmuch as defendant has not "demonstrate[d] that his attorney [in any way] failed to provide meaningful representation," we are unpersuaded by his claim that he was denied the effective assistance of counsel (*People v Caban*, 5 NY3d at 152; *see People v Baldi*, 54 NY2d 137, 146-147 [1981]).

Finally, we have considered defendant's argument that he was improperly sentenced as a persistent felony offender and conclude that it is lacking in merit (*see* Penal Law § 70.10; *People v Rivera*, 5 NY3d 61, 66-69 [2005], *cert denied* 546 US 984 [2005]). His challenge to the constitutionality of the persistent felony offender statute is unpreserved and, inasmuch as that challenge has been repeatedly rejected by this Court (*see People v Eberhart*, 48 AD3d 898, 899 [2008]; *People v Jackson*, 46 AD3d 1110, 1111 [2007], *lv denied* 10 NY3d 766 [2008]), we decline to reverse in the interest of justice.

Peters, Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.