■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO A. RODRIGUEZ, Appellant. [860 NYS2d 284]—

Lahtinen, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered April 19, 2007, upon a verdict convicting defendant of the crimes of burglary in the third degree, criminal mischief in the fourth degree, petit larceny, conspiracy in the fifth degree and conspiracy in the sixth degree (two counts).

During the evening of February 10, 2006, defendant and three others—Ricky Carter, David Bamberry and Ruth Brown—were drinking substantial quantities of beer at a residence in the Town of Cincinnatus, Cortland County. When they ran out of beer in the early morning hours of February 11, 2006, defendant, Carter and Bamberry left to retrieve more beer from a

nearby store. The store had closed for the night, but they observed a boarded window in the rear where they could remove the boards to gain entrance. According to defendant, when Carter and Bamberry started trying to remove the boards over the window, he decided to leave. Carter and Bamberry both presented a much different account, giving statements to police and then later testifying at trial that defendant remained at the scene and, in fact, was the primary instigator of the break-in to retrieve more beer. Following a jury trial, defendant was found guilty of the felony of burglary in the third degree, as well as several misdemeanors. He was sentenced to 2 to 6 years in prison for the felony, and concurrent sentences for the misdemeanor convictions. Defendant appeals.

Defendant initially argues that the testimony of the two accomplices was not sufficiently corroborated. A conviction cannot rest solely upon "the testimony of an accomplice unsupported by corroborative evidence" (CPL 60.22 [1]; *see People v Moses*, 63 NY2d 299, 306 [1984]). "The corroborative evidence need . . . not establish all the elements of the offense" and "[s]eemingly insignificant matters may harmonize with the accomplice's narrative so as to provide the necessary corroboration" (*People v Breland*, 83 NY2d 286, 292-293 [1994] [citations and internal quotation marks omitted]; *see People v Steinberg*, 79 NY2d 673, 683 [1992]; *People v Duncan*, 256 AD2d 1016, 1016-1017 [1998], *lv denied* 93 NY2d 873 [1999]). Defendant's statement to police places him at the scene plotting to enter the closed store and watching as the other two men began attempting to remove boards from the window. He stated that he aborted his participation and left before entrance was obtained. However, Brown (who was at the residence and not aware of or involved in the break-in) recalled that all three left together and, about 20 to 25 minutes later, they all returned at about the same time with a 30-pack container of beer. There was proof that defendant left for the store with the other two individuals to get beer at a time that he knew it was closed, his own statement places him in the rear as efforts commenced to break in, and he returned from the scene at about the same time as the two accomplices after the break-in had been completed. Under such circumstances, there was sufficient corroboration to support the verdict (*see People v Hadden*, 210 AD2d 546, 547 [1994], *lv denied* 85 NY2d 910 [1995]).

Next, we consider whether, as defendant contends, the verdict was against the weight of the evidence. Since a different verdict would not have been unreasonable, we "must, like the trier of fact below, weigh the relative probative force of conflicting

testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [citations and internal quotation marks omitted]). The testimony of Carter and Bamberry indicated that defendant was the person who first proposed breaking into the store, he pressured those two into participating, and he played a primary role in breaking the boards covering the window and hoisting the smaller individual into the store. The mental health issues of Carter and Bamberry were explored at trial and there is no reason in this record to conclude that the jury should have totally discounted their credibility because of those issues. Defendant's statement placed him at the scene, and Brown's testimony implicated defendant's involvement and role in the burglary. According deference to the jury's opportunity to view the witnesses (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), and after weighing the proof in the record, we are unpersuaded that the verdict was against the weight of the evidence.

We have considered and find unavailing defendant's argument that County Court committed reversible error in a hearsay ruling which precluded him from reporting an alleged statement about his shoes made to him by a police officer. Even if that statement should not have been precluded as hearsay, that evidence was, at best, marginally relevant and its preclusion would not require reversal under the circumstances of this case.

Peters, J.P., Rose, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.