■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE D. BURNS, Appellant. [889 NYS2d 775]—

Cardona, P.J.

On June 2, 2006, defendant's wife left him. The next day, she moved in with another man, Lawrence Rider. On June 6, 2006, a fire destroyed a storage barn containing valuable items owned by Rider in the Town of Gouverneur, St. Lawrence County. Investigators deemed the fire to be suspicious. Thereafter, at approximately 2:00 A.M. on July 25, 2006, another suspicious fire was discovered under the porch of a trailer where Rider was living with defendant's estranged wife. The smell of smoke awoke defendant's wife and she alerted Rider so that the fire could be put out. As the result of a police investigation, a longtime friend of defendant, Stephen Sibley, was arrested on suspicion of arson for both fires. Sibley, who was later permitted to plead guilty to a single count of attempted arson in the second degree in exchange for his cooperation, informed the police that he had been hired by defendant to set the fires in order to frighten defendant's wife and Rider or to "get [his wife] to talk to him or get even with [Rider]." In exchange, defendant would give Sibley, who was unemployed, some cash and a St. Bernard puppy.

In April 2007, a multicount indictment charged defendant with the commission of varying degrees of arson and conspiracy. A jury trial was held and defendant was convicted of one count of arson in the second degree related to the July 2006 fire, one count of arson in the third degree related to the June 2006 fire and two counts of conspiracy in the fourth degree. Following imposition of sentence, this appeal ensued.

Initially, we are unpersuaded by defendant's contention that the evidence was legally insufficient to support his convictions. Specifically, defendant maintains that the testimony of Sibley was not sufficiently corroborated by independent evidence tending to connect defendant with the commission of the charged crimes (see CPL 60.22 [1]). We disagree. "While accomplice testimony must be corroborated with independent evidence, such evidence does not have to be substantial as it need not establish the elements of the offense; instead, it is sufficient if it tends to connect the defendant to the crime, thereby assuring the jury that the accomplice has offered credible probative evidence" (*People v Harrison*, 251 AD2d 893, 894 [1998], *lv denied* 92 NY2d 949 [1998] [citations omitted]; *see People v Gilbo*, 52 AD3d 952, 953 [2008], *lv denied* 11 NY3d 788 [2008]). Here, such corroborating proof was presented by, among other things, testimony from Rider and defendant's wife, who recounted the various threats made to them by defendant during the relevant

period (*cf. People v Pierre*, 41 AD3d 289, 290 [2007], *lv denied* 9 NY3d 880 [2007]). This evidence included defendant's statement to his wife prior to the July 2006 fire that she should "sleep with [her] eyes open because . . . I am sick of it and I will get you" (*see People v Dann*, 14 AD3d 795, 796-797 [2005], *lv denied* 4 NY3d 885 [2005]). The People also presented independent evidence which, if credited, established that Sibley paid no money to defendant at the time he received the puppy from him.

We further disagree with defendant's contention that the People failed to present legally sufficient proof of defendant's liability for arson in the second degree because they allegedly did not show that the "circumstances" of the July 2006 fire were such that the presence of defendant's wife in the trailer at the time of the fire was "a reasonable possibility" (Penal Law § 150.15 [b]). However, not only did the fire occur at a time when defendant's wife was already asleep, but Sibley noted in his statement to the police that he "noticed vehicles parked near the trailer." Sibley also testified that, in discussing plans for the July 2006 fire, defendant told him that his estranged wife had just lost a job "so she wasn't going to be working." Thus, legally sufficient evidence was produced and, furthermore, viewing the evidence in a neutral light and according deference to the jury's credibility determinations, we also conclude that the verdict was not against the weight of the evidence (*see People v Portee*, 56 AD3d 947, 949-950 [2008], *lv denied* 12 NY3d 820 [2009]).

Next, defendant claims that County Court erred at trial in allowing an amendment of the sixth count of the indictment, alleging conspiracy in the fourth degree related to the storage barn fire, so that it correctly stated the proper month, June 2006, rather than the July 2006 date listed therein. Contrary to defendant's argument, the correction of a typographical error of this nature is contemplated by CPL 200.70 and we find no basis to conclude that the defense was prejudiced as a result. It is apparent from the phrasing of the sixth count of the indictment that it was referring to matters concerning the June 2006 fire. In addition, the bill of particulars contained the correct time frames, as did the trial testimony. Thus, reversal is not warranted.

Furthermore, we are unpersuaded that County Court should have granted defendant's motion for a mistrial after the prosecutor improperly asked a witness about an alleged prior bad act by defendant in violation of the pretrial *Molineux* ruling. Not only was the matter harmless error (*see People v White*,

41 AD3d 1036, 1038 [2007], *lv denied* 9 NY3d 965 [2007]), but the court gave prompt curative instructions to the jury. Similarly, while the People concede it was error on their part to ask a defense witness if he had been arrested (*see People v Miller*, 91 NY2d 372, 380 [1998]), we conclude that this error was also harmless under the circumstances herein (*see id.* at 381). In totality, contrary to defendant's contention, our review of these and other alleged errors by the People does not reveal "a flagrant and pervasive pattern of prosecutorial misconduct" (*People v Demming*, 116 AD2d 886, 887 [1986], *lv denied* 67 NY2d 941 [1986]; *accord People v Dickson*, 58 AD3d 1016, 1018 [2009], *lv denied* 12 NY3d 852 [2009]).

Lastly, we note that certain of the additional errors alleged by defendant—namely his claims that a juror was improperly dismissed, that statements from Sibley and the fire investigator were inadmissible hearsay and that the prosecutor improperly asked leading questions and inquired into a witness's inconsistent grand jury testimony—were not preserved for appellate review. Defendant's remaining preserved arguments have been examined and found to be lacking in merit.

Peters, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.