THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY L. SELF, Appellant. [906 NYS2d 164]—

Cardona, P.J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered January 7, 2009, upon a verdict convicting defendant of the crimes of arson in the second degree and reckless endangerment in the first degree.

Late in the evening of March 7, 2008, Jason Savoie engaged in an extended telephone argument with Walter Albino. As a result, Savoie determined to fight Albino. Thereafter, in the early morning hours of the next day, Savoie drove to Albino's house, accompanied by defendant, who also had a dispute with Albino. Also in the car were several of their friends, including Jocelyn Bishop, Brandi Loney and Lyndsay Iannotti. When they arrived, Savoie and defendant walked onto the porch and knocked on Albino's door; there was no response. According to Savoie, he then picked up a plastic gasoline container found near the doorway, poured fuel onto the porch and defendant ignited the gasoline. Albino reported that, at the time of these events, he heard voices outside his house, followed by "people running away." He then saw "a glare coming from the porch"

and, after going outside to investigate, discovered the porch fire, which he extinguished with snow.

Subsequently, defendant was arrested and charged with arson in the second degree and reckless endangerment in the first degree.[1] Following a trial, he was found guilty on both counts. Defendant was thereafter sentenced as a second felony offender to an aggregate prison term of eight years, with five years of postrelease supervision, prompting this appeal.

Initially, defendant contends that his convictions were not supported by legally sufficient evidence.[2] Specifically, with respect to the crime of arson in the second degree,[3] defendant maintains that the People did not establish that he was the person who started the fire on Albino's porch. Similarly, regarding the reckless endangerment in the first degree conviction,[4] defendant argues that there was insufficient evidence that it was *his* "conduct[,] as opposed to the conduct of . . . Savoie[, that] created a grave risk of death to another."

Notably, "[w]hen called upon to review the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People, and we will not disturb the verdict if the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury" (*People v Vargas*, 60 AD3d 1236, 1237 [2009], *lv denied* 13 NY3d 750 [2009] [internal quotation marks and citations omitted]). Here, the People produced legally sufficient evidence by means of Savoie's testimony establishing that it was defendant who ignited the gasoline after Savoie poured it on the porch. Although defendant maintains that this accomplice testimony was not sufficiently corroborated as required by statute, our review of the record confirms that sufficient independent evidence "tending to connect the defendant with the com-

---

1. Savoie was also arrested and separately charged; he pleaded guilty to a lesser count of arson in the fourth degree in exchange for his agreement to cooperate with the prosecution of defendant.

2. Although somewhat unartfully worded, defense counsel preserved the legal insufficiency issue for our review in his motion to dismiss both charges at trial.

3. As relevant herein, arson in the second degree requires proof that the defendant "intentionally damage[d] a building . . . by starting a fire . . . when . . . another person who is not a participant in the crime is present in such building . . . at the time [and the defendant knew of that person's presence] or the circumstances are such as to render the presence of such a person therein a reasonable possibility" (Penal Law § 150.15).

4. "A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he [or she] recklessly engages in conduct which creates a grave risk of death to another person" (Penal Law § 120.25).

mission of [the crime]" (CPL 60.22 [1]) was offered to the jury so as to satisfy the corroboration requirement (*see People v Burns*, 68 AD3d 1246, 1247 [2009], *lv denied* 14 NY3d 798 [2010]). Specifically, Bishop, Loney and Iannotti testified that, shortly before the fire started, they observed defendant and Savoie on the porch and, further, Iannotti heard the sound of something "being poured onto the porch." Moreover, Bishop testified that she saw defendant holding a cigarette lighter as he and Savoie ran from the porch after the flames started. While none of these witnesses saw defendant set the gasoline alight, their testimony was sufficient to provide corroboration connecting defendant to the crimes (*see id.* at 1247; *People v Rodriguez*, 52 AD3d 1047, 1048 [2008]).

Finally, defendant challenges the jury's verdict as against the weight of the evidence, arguing that the testimonies of Savoie and Bishop were unworthy of belief. However, the credibility of these witnesses was thoroughly challenged during cross-examination, and all relevant concerns were put before the jury (*see People v Doyle*, 48 AD3d 961, 963 [2008], *lv denied* 10 NY3d 862 [2008]). While a different result would not have been unreasonable herein, upon evaluating the evidence in a neutral light and giving appropriate deference to the jury's credibility determinations, it is our view that the verdict was not against the weight of the evidence (*see People v Burdick*, 72 AD3d 1399, 1401 [2010]; *People v Nesbitt*, 69 AD3d 1109, 1111-1112 [2010], *lv denied* 14 NY3d 843 [2010]; *People v Burns*, 68 AD3d at 1248).

Rose, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.