■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES KENNEDY JR., Appellant. [910 NYS2d 590]—

Kavanagh, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered June 15, 2009, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree (two counts).

In October 2009, the City of Elmira Police Department Drug Enforcement Unit received information from a confidential informant that defendant was in possession of a large quantity of cocaine and had made arrangements to sell some of it to a third party at the informant's apartment later that same evening. The apartment was immediately placed under surveillance and, that evening, two vehicles matching descriptions given by the informant were observed arriving at his residence and the drivers, one of whom was identified as defendant, were seen entering it. A short time later, both individuals were observed leaving the premises, entering their vehicles and driving away from the area. After the confidential informant notified the police by phone that the sale had taken place, defendant's vehicle was stopped and a female passenger disclosed that defendant had given her a bag to secrete on her person, which contained 33 plastic vials of cocaine. Defendant was arrested and $626 was confiscated from his person.

An indictment was subsequently filed charging defendant with two counts of criminal possession of a controlled substance in the third degree. Following a jury trial, he was convicted as charged and sentenced as a second felony offender to concurrent terms of eight years in prison, plus three years of postrelease supervision. Defendant now appeals.

Initially, defendant contends that County Court committed reversible error in denying his request that a *Frye* hearing be held to determine whether evidence should be admitted that a specially trained dog detected an odor of cocaine on the money taken from him when he was arrested. In that regard, Alfred Chandanais, a police officer employed by the City of Elmira Police Department, testified that a dog trained to use its sense of smell to detect the presence of narcotics was brought to police headquarters on the night of defendant's arrest and, upon being released, immediately focused on a desk drawer in an office where the money taken from defendant had been placed. Chandanais testified that these actions by the dog and, in particular, its scratching on the desk drawer with its paws indicated that narcotics were present on the money.

The use of a properly trained dog to detect the presence of narcotics through its sense of smell "is an investigative rather

than a scientific procedure" and, as such, a *Frye* hearing is not necessary to determine its admissibility (*People v Roraback*, 242 AD2d 400, 405 [1997] [citations omitted], *lv denied* 91 NY2d 878 [1997]). Once the prosecution established that the dog and his trainer had received appropriate training in drug detection and the dog had previously been proven to be reliable, a proper foundation had been laid for the introduction of this testimony and it was properly admitted at trial (*see id.*). As for defendant's contention that this testimony should not have been admitted because the money could have been contaminated by other people who handled it prior to the dog coming in contact with it, such an argument only serves to raise questions concerning the probative value of Chandanais's testimony, not its admissibility.

We also do not agree with defendant's argument that Chandanais's description of the dog's reactions constituted opinion testimony and, therefore, was not admissible. Prior to describing what occurred when the dog was brought to the office, Chandanais testified about the training the animal received and the process employed when it is used to conduct a search. He explained that during such a search a properly trained dog will alter its breathing pattern upon detecting an odor of a controlled substance like cocaine and will scratch the area where the odor is located with its paws. Chandanais further stated that when the dog was placed in the office, she immediately focused on the desk and her breathing pattern demonstrably changed as she scratched at the desk drawer where the money had been placed, indicating that narcotics were present. County Court properly concluded that this testimony was admissible because it simply recounted Chandanais's observation of the dog when it was placed in the room and how those observations related to the training that the animal had previously received in drug detection.

Defendant also contends that he was denied the effective assistance of counsel because the Chemung County Public Advocate's office, in addition to representing him at trial, provided counsel for a prospective prosecution witness in an unrelated manner then pending in Family Court. This witness was called by the prosecution to identify defendant's voice on tape recordings that had been made of conversations she had with him while he was in jail awaiting trial. When defendant's trial counsel learned that the witness would be called by the prosecution, defendant's counsel immediately notified County Court that the witness was represented in Family Court by another attorney from his office, but stated that he had never met her

nor was he in any way involved in her representation. While defendant argues that the representation of the witness by the Public Advocate's office served to deprive him of the effective assistance of counsel, he has not demonstrated "that 'the conduct of his defense was in fact affected by the operation of the conflict of interest,' " or that it in any meaningful way affected counsel's efforts on his behalf (*People v Longtin*, 92 NY2d 640, 644 [1998], *cert denied* 526 US 1114 [1999], quoting *People v Alicea*, 61 NY2d 23, 31 [1983]; *see People v Harris*, 99 NY2d 202, 210 [2002]; *People v Bier*, 307 AD2d 649, 650 [2003], *lv denied* 100 NY2d 618 [2003]). Moreover, the Public Advocate's office is a public agency and, while such dual representation should be avoided, prejudice will not be inferred absent some showing that the conflict "inhibited or restrained" the representation that defendant received at trial (*People v Wilkins*, 28 NY2d 53, 57 [1971]; *see People v Peyton*, 27 AD3d 402, 402-403 [2006], *lv denied* 7 NY3d 793 [2006]). In that regard, we note that the testimony of the witness focused entirely on her conversations with defendant and, given that they were recorded, there was no issue that these conversations, in fact, took place. As such, we cannot conclude that defendant was deprived of the effective assistance of counsel simply because of the existence of this apparent conflict.

Defendant also claims that the jury should have been instructed that the confidential informant and the passenger in his car were accomplices whose testimony had to be corroborated by independent evidence (*see* CPL 60.22 [1]). Initially, we note that defendant's contention is not preserved for our review since he did not object to the charge given by County Court nor did he request that such a charge be given to the jury prior to it commencing its deliberations (*see* CPL 470.05 [2]; *People v Moyer*, 75 AD3d 1004, 1004-1005 [2010]; *People v Cooley*, 69 AD3d 1058 [2010]; *People v Marshall*, 65 AD3d 710, 713 [2009], *lv denied* 13 NY3d 940 [2010]; *People v Gilbo*, 52 AD3d 952, 954 [2008], *lv denied* 11 NY3d 788 [2008]). In any event, if either witness was, in fact, an accomplice in the commission of any of the crimes charged in the indictment—a circumstance not established in the record—evidence was introduced at trial that would have served to corroborate their testimony. For example, observations of defendant made by the police officers while they conducted a surveillance of the informant's home, the circumstances surrounding defendant's arrest, the cocaine found in his car albeit on the female passenger's person, the reaction of the dog to the location of money taken from defendant after his arrest, and the content of statements attributed to him while he was in jail awaiting trial all

constituted competent evidence that connected defendant to the commission of these crimes and corroborated the testimony of any accomplice who may have testified as a prosecution witness at trial (*see* CPL 60.22 [1]; *People v Self*, 75 AD3d 924, 925-926 [2010]; *People v Burns*, 68 AD3d 1246, 1247-1248 [2009], *lv denied* 14 NY3d 798 [2010]).

Defendant also claims that the prosecution was guilty of misconduct by arguing during summation that the packaging of the drugs indicated that they were for sale and not simply for defendant's personal use. When defense counsel objected to these statements, County Court appropriately advised the jury that they did not constitute evidence and that its verdict had to be based on evidence properly admitted at trial (*see People v Shutter*, 72 AD3d 1211, 1214 [2010], *lv denied* 14 NY3d 892 [2010]; *People v Nelson*, 68 AD3d 1252, 1255 [2009]; *People v Joseph*, 68 AD3d 1534, 1537 [2009], *lv denied* 14 NY3d 889 [2010]). Also, we note that defendant was not simply charged with possessing this cocaine, but with possessing it with the intent to sell. In addition, any prejudice that may have resulted from these statements was minimal given that the confidential informant had testified at trial that he witnessed defendant sell a quantity of this cocaine to a third party shortly before his arrest.

Finally, defendant argues that the prosecution failed to establish a chain of custody connecting him to the drugs and money introduced into evidence at trial and did not, as a result, prove beyond a reasonable doubt that they were in his possession at the time of his arrest. However, defendant failed to preserve such a claim by making an appropriate objection at trial (*see People v Ortiz*, 74 AD3d 672, 673 [2010]; *People v Dennis*, 210 AD2d 803, 805 [1994], *lv denied* 85 NY2d 937 [1995]; *People v Brooks*, 210 AD2d 800, 803 [1994], *lv denied* 85 NY2d 906 [1995]).

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.