McCarthy, J.
Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered September 22, 2011, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent’s children to be neglected.
Chatesha YY. (hereinafter the mother) is the mother of two sons, Aiden XX. (born in 2004) and Jeremiah XX. (born in 2005). Respondent, the biological father of Jeremiah, obtained custody of both children in December 2009. Subsequently, petitioner received a child protective report alleging that, in March 2011, while the children were under his care, respondent was arrested in Massachusetts and charged with intent to distribute narcotics, assault and battery on a police officer, resisting arrest and disorderly conduct. It was further reported that the children were taken to a hospital for treatment of suspected malnutrition and ringworm, at which time one of the children reportedly tested positive for marihuana.
As a result of these allegations, petitioner commenced a Family Ct Act article 10 proceeding alleging that respondent neglected both children. Family Court granted petitioner’s motion for summary judgment and issued a fact-finding order adjudicating both children to be neglected. In its written decision, the court declined to consider the Massachusetts police and hospital records submitted by petitioner because they were not in admissible form; however, the court found that the general allegations of neglect in the petition concerning respondent’s March 2011 arrest were “amplified” by the court’s own “determinations” set forth in its order directing a mental health evaluation.[1] Drawing an adverse inference based upon respondent’s failure *1095 to submit to a mental health evaluation, the court held that, if respondent had obeyed the court’s order, the ensuing report “would have shown that he suffers from a mental illness and/or other emotional problems requiring treatment, and that the failure to obtain that treatment has resulted in him being unable to provide appropriate care and supervision of the children.” [2] Thereafter, following a dispositional hearing chiefly addressing the separate custody petition brought by the mother, an order of disposition was issued, which, among other things, granted custody of the children to the mother. Respondent now appeals from the order of disposition,[3] contending that the court erred in granting summary judgment to petitioner and also in denying his request to proceed pro se in the neglect proceedings.[4]
Family Court erred in granting petitioner’s motion for summary judgment on the neglect petition. “To establish neglect, [a] petitioner must prove by a preponderance of the evidence that a child’s physical, mental or emotional condition was harmed or is in imminent danger of harm as a result of a failure on the part of the parent to exercise a minimum degree of care” (Matter of Stevie R. [Arvin R.], 97 AD3d 906, 907 [2012] [citations omitted]; see Family Ct Act § 1012 [f]). While summary judgment is not routinely invoked in such matters, it is, nonetheless, “an appropriate procedural device to be utilized in a Family Ct Act article 10 proceeding where no triable issues of fact exist” (Matter of Tavianna CC. [Maceo CC.], 99 AD3d 1132, 1133 [2012], lv denied 20 NY3d 856 [2013]).
On this record, summary judgment was improperly granted. *1096 Significantly, the petition as filed only alleges that respondent neglected the children as a result of the events surrounding respondent’s March 2011 arrest. Nevertheless, Family Court granted the petition based on “amplified” allegations of neglect that it found related to the father’s alleged untreated mental illness. No amended petition was filed nor was respondent given an opportunity to amend his answer. While a court may amend the allegations in a neglect proceeding “to conform to the proof!,] ... in such case the respondent shall be given reasonable time to prepare to answer the amended allegations” (Family Ct Act § 1051 [b]; see Matter of Kila DD., 28 AD3d 805, 806 [2006]).
Here, as respondent was not given an opportunity to respond to these new allegations, he was denied his right of sufficient notice (see Matter of Blaize F., 50 AD3d 1182, 1184-1185 [2008]; Matter of Latifah C., 34 AD3d 798, 800 [2006]; Matter of Shawniece E., 110 AD2d 900, 900-901 [1985]; see also Matter of Burola v Meek, 64 AD3d 962, 964 [2009]; compare Matter of Kila DD., 28 AD3d at 806). While such a circumstance can be overlooked if sufficient proof was presented to sustain the original petition without considering the new allegations (see Matter of Paige AA. [Anthony AA.], 85 AD3d 1213, 1216 [2011], lv denied 17 NY3d 708 [2011]), such proof was not presented in this case.
Petitioner moved for summary judgment principally relying on the factual evidence surrounding the events occurring in March 2011, as set forth in the Massachusetts police and hospital records obtained by a judicial subpoena duces tecum, which included, among other things, a positive drug test result for one of the very young children with special needs in respondent’s care (see generally Matter of Dakota CC. [Arthur CC.], 78 AD3d 1430 [2010]). Family Court correctly found, however, that petitioner failed to submit these records in admissible form (see CPLR 4518; see also CPLR 3122-a). Thus, the only sources of admissible proof submitted by petitioner were the affidavits from two of petitioner’s caseworkers.[5] One of the affidavits recounts the unsuccessful attempts to facilitate respondent’s psychological evaluation. The other affidavit describes, along with certain hearsay conversations that the *1097 caseworker had with Massachusetts authorities, a brief conversation with respondent wherein he acknowledged that he was arrested and did not deny that the children were present at the time, nor did he “offer any explanation or denial of the positive toxicology of Aiden.” Under the circumstances, we cannot conclude that these equivocal statements and silences constituted affirmative proof of neglect sufficient to satisfy petitioner’s initial burden on a summary judgment motion (see CPLR 3212 [b]). Accordingly, the matter must be remitted for a fact-finding hearing (see Matter of Suzanne RR., 35 AD3d 1012, 1013-1014 [2006]).
Given the above result, it is unnecessary to dwell at any length upon respondent’s further claim that a new hearing should be granted because he was improperly denied the right to represent himself in the neglect proceedings (see generally Matter of Kathleen K. [Steven K.], 17 NY3d 380 [2011]). Not only did respondent engage in disruptive behavior at the initial removal hearing that required him to be forcibly escorted from the courtroom, but his failure at later appearances to state a rational and unequivocal request to proceed pro se convinces us that Family Court did not abuse its discretion in assigning counsel. Given respondent’s periodic disruptive outbursts and failure to complete the ordered mental health evaluation, any concern on the court’s part over respondent’s competency to proceed pro se was clearly legitimate (see Matter of Anthony K., 11 AD3d 748, 749-750 [2004]; see also People v Gilbo, 52 AD3d 952, 954-955 [2008], lv denied 11 NY3d 788 [2008]; People v Eady, 301 AD2d 965, 966 [2003], lv denied 100 NY2d 538 [2003]; 33 Carmody-Wait 2d §§ 184:83, 184:96).
All remaining issues not specifically addressed above have been examined and found to be unpersuasive or rendered academic under the circumstances.
Peters, PJ., Lahtinen and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner’s motion for summary judgment on the neglect petition; motion denied; matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. Although Family Court’s language appears to suggest that the order directing the mental health evaluation constituted an amendment to the neglect petition, our review of the order does not support such an interpretation.
*1095 No discussion of such additional allegations were included in petitioner’s summary judgment motion papers, and respondent was not given an opportunity to amend his answer or respond to these allegations.

. While petitioner moved, in the alternative to summary judgment, for a default judgment due to respondent’s failure to comply with the order that he obtain a mental health evaluation, Family Court did not find respondent in default. We agree with Family Court that an adverse inference was a more appropriate sanction for respondent’s conduct than striking his answer and finding him in default.

. Although the mother contends that this appeal should be dismissed as untimely because respondent did not appeal the fact-finding order granted on summary judgment, respondent’s timely appeal from the dispositional order “brings up for review all non-final orders that affected the judgment” (Matter of Ameillia RR. [Megan SS. — Jered RR.], 96 AD3d 1244, 1245 [2012]; see CPLR 5501 [a] [1]).

. Any issues regarding the custody determination or disposition on the neglect petition have been abandoned as a result of the father’s failure to address them in his brief (see Matter of Alexis AA. [John AA], 91 AD3d 1073, 1073 n 2 [2012], lv denied 18 NY3d 809 [2012]).

. The attorney for the children argues that summary judgment is also supported by the testimony from the removal hearing (see Family Ct Act § 1027). Petitioner did not reference this testimony or attach a copy of the transcript to its motion papers, nor did Family Court state in its decision that it was relying on this testimony. In any event, the testimony consisted mainly of hearsay, which is admissible in a removal hearing but not to support a fact-finding determination (compare Family Ct Act § 1046 [b] with [c]).