People v Pitt (2019 NY Slip Op 01686)





People v Pitt


2019 NY Slip Op 01686


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

110418

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KERON PITT, Appellant.

Calendar Date: January 9, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Law Offices of Danielle Neroni Reilly, Albany (Angela Kelley of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered July 7, 2017, upon a verdict convicting defendant of the crime of assault in the second degree.
On August 1, 2016, defendant stopped by the home of his girlfriend — the mother of his two children — where she resided with her mother and stepfather. Defendant and the girlfriend thereafter engaged in a heated argument in the hallway of the shared family residence, prompting the girlfriend's mother to intervene in an attempt to get defendant to leave the premises. As the arguing continued, the victim — the girlfriend's brother — who lived in the apartment directly above, came downstairs when he heard defendant arguing with his mother and confronted defendant after he heard him yell "somebody going to die tonight." Defendant and the victim thereafter engaged in a physical altercation, during which defendant stabbed the victim twice in the left side of his torso. Following the stabbing, defendant fled the scene and the victim was thereafter rushed to the hospital where he underwent emergency surgery for, among other things, a perforated colon. In October 2016, defendant was charged by indictment with assault in the first degree. At trial, defendant testified in his own defense and did not deny that he stabbed the victim, but argued that he acted in self-defense, prompting County Court to provide the jury with an instruction on the defense of justification. Following the jury trial, defendant was acquitted of assault in the first degree, but was convicted of the lesser included charge of assault in the second degree. Defendant was then sentenced to a prison term of seven years, to be followed by three years of postrelease supervision. Defendant now appeals.
Defendant contends that County Court erred by granting the People's Molineux application, permitting the People to elicit testimony regarding a prior verbal and physical altercation between defendant and the victim on June 17, 2016, as well as certain threatening statements that defendant allegedly made to the girlfriend after the incident on September 4, 2016. We disagree. "Evidence of prior criminal conduct or bad acts is inadmissible to establish a defendant's criminal propensity or bad character, but may be admitted when it is relevant to [*2]some material issue pertaining to the charged crime and its probative value outweighs its potential for unfair prejudice" (People v Lebron, 166 AD3d 1069, 1074 [2018] [internal quotation marks and citation omitted], lv denied ___ NY3d ___ [Jan. 3, 2019]; see People v Leonard, 29 NY3d 1, 6-7 [2017]; People v Conklin, 158 AD3d 973, 975 [2018], lv denied 31 NY3d 1080 [2018]). Although not an exhaustive list of recognized Molineux exceptions, the People may use such evidence to prove, among other things, motive, intent, lack of mistake or accident, identity, or common scheme or plan (see People v Cass, 18 NY3d 553, 559 [2012]; People v Dorm, 12 NY3d 16, 19 [2009]; People v Nunes, 168 AD3d 1187, 1192 [2019]). Here, the proffered testimony regarding the June 2016 altercation between defendant and the victim was not too remote in time to be relevant to establishing defendant's motive and intent to assault the victim on August 1, 2016, as such evidence was inextricably interwoven with the charged crime as it provided relevant and necessary context with regard to the setting in which the assault occurred and the contentious relationship between defendant, the girlfriend and the girlfriend's family and was more probative than it was prejudicial (see People v Dorm, 12 NY3d at 19 [2009]; People v Silver, 168 AD3d 1225, 1226 [2019]; People v Conklin, 158 AD3d at 975), particularly given defendant's justification claim and his argument that the victim was the initial aggressor. With regard to the September 2016 incident, County Court did not abuse its discretion in admitting evidence pertaining to defendant's statement to the girlfriend that "you're lucky your brother is not dead," because, although such evidence did not constitute Molineux evidence as it occurred after the charged conduct, it was nevertheless probative of his consciousness of guilt (see People v Wells, 141 AD3d 1013, 1019 [2016], lv denied 28 NY3d 1189 [2017]; People v Peele, 73 AD3d 1219, 1221 [2010], lv denied 15 NY3d 894 [2010]). Defendant's argument that the People improperly elicited certain other Molineux testimony outside of their Molineux proffer is either unpreserved for review (see People v Knox, 137 AD3d 1330, 1334 [2016], lv denied 27 NY3d 1070 [2016]) or, upon review, constituted harmless error (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Burns, 68 AD3d 1246, 1248-1249 [2009], lv denied 14 NY3d 798 [2010]; People v Echavarria, 53 AD3d 859, 863 [2008], lv denied 11 NY3d 832 [2008]).
Defendant's contention that he was denied his right to a fair trial based upon prosecutorial misconduct as a result of improper and prejudicial comments made by the prosecutor during opening and closing statements is largely unpreserved for review as defendant only objected to two of the numerous comments made by the prosecutor that he now claims deprived him of a fair trial (see People v Richardson, 162 AD3d 1328, 1331 [2018], lv denied 32 NY3d 1128 [2018]; People v Mesko, 150 AD3d 1412, 1414 [2017], lv denied 29 NY3d 1131 [2017]). With respect to the two statements that were challenged, County Court sustained defendant's initial objection regarding the prosecutor's "reference to blessing the stabbing," ordering the jury to disregard the comment and striking it from the record. Moreover, the court thereafter sua sponte objected to the prosecutor's comment wherein he purported to pose a hypothetical "thought experiment" to the jury, again striking said reference from the record and providing the jury with a curative instruction, instructing the jury that its decision was to be based solely upon the evidence introduced at trial. Although County Court overruled defendant's subsequent objection to the prosecutor's comments regarding the law of justification, the court nevertheless provided an immediate curative instruction to the jury, emphasizing that the People's summation was not evidence and that it was County Court's final instructions to the jury on the law that was controlling.
Importantly, "[s]ummations are rarely perfect . . . [and] not every improper comment made by the prosecuting attorney during the course of closing arguments warrants reversal of the underlying conviction" (People v Forbes, 111 AD3d 1154, 1160 [2013]). Under the circumstances, although "the bulk of the comments [by the prosecutor] would have been better left unsaid" (People v Nadal, 131 AD3d 729, 731 [2015], lv denied 26 NY3d 1041 [2015]), we find that the record as a whole fails to disclose that the prosecutor engaged in a "flagrant and pervasive pattern of prosecutorial misconduct so as to deprive defendant of a fair trial" (People v Morrison, 127 AD3d 1341, 1344 [2015] [internal quotation marks, brackets and citations omitted], lv denied 26 NY3d 932 [2015]; see People v Jackson, 160 AD3d 1125, 1129 [2018], lv denied 31 NY3d 1149 [2018]). Rather, given County Court's curative instructions, its [*3]subsequent charge to the jury instructing that it was the People who maintained the burden of establishing defendant's guilt beyond a reasonable doubt, the strength of the evidence against defendant and the fact that defendant was ultimately acquitted of the most serious charge, we cannot say that, but for the prosecutor's comments, the jury would not have convicted defendant (see People v Shamsuddin, 167 AD3d 1334, 1336-1337 [2018]; People v Harris, 162 AD3d 1240, 1243 [2018], lv denied 32 NY3d 937 [2018]; compare People v Rupnarine, 140 AD3d 1204, 1205-1206 [2016]; People v Casanova, 119 AD3d 976, 977-979 [2014]).
Nor do we find that defense counsel's failure to preserve certain arguments regarding prosecutorial misconduct and the introduction of allegedly improper Molineux evidence constituted the ineffective assistance of counsel. "A claimed violation of the constitutional right to the effective assistance of counsel will not survive judicial scrutiny so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v McCauley, 162 AD3d 1307, 1309-1310 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 939 [2018]). Here, counsel made appropriate pretrial motions, opposed the People's Molineux application, made appropriate objections at trial, thoroughly cross-examined witnesses and provided cogent opening and closing statements, consistently pursuing a strategy of establishing a justification defense and, ultimately, obtaining an acquittal of the most serious charge. Accordingly, viewing the record as a whole, we are satisfied that defendant was provided with meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Cox, 129 AD3d 1210, 1214-1215 [2015], lv denied 26 NY3d 966 [2015]).
Lastly, defendant's contention that the sentence imposed was harsh and excessive is unavailing. Although defendant has no previous criminal history, given the nature of defendant's crime and the serious injuries inflicted, we find no abuse of discretion or extraordinary circumstances warranting a reduction in the interest of justice (see CPL 470.15 [6] [b]; People v Gill, 168 AD3d 1140, 1142 [2019]; People v Cole, 150 AD3d 1476, 1482 [2017], lv denied 31 NY3d 1146 [2018]). Further, we find no support in the record for defendant's assertion that he was penalized for exercising his right to trial or that County Court acted in a vindictive manner in pronouncing sentence (see People v Somerville, 72 AD3d 1285, 1288-1289 [2010]), as the sentence mirrored the sentence offered during defendant's plea negotiations.
Clark, Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.